RICE *v.* J. F. BRAUN & SON.

1. Workmen's Compensation—Denial of Award—Appeal—Res Judicata.
    The denial of an award unappealed from is an adjudication that plaintiff was not incapacitated as of the date of the hearing, or, if incapacitated, that the disability was not the result of the original injury received.

2. Same—Further Compensation—Change of Physical Condition.
    At hearing on a petition for further compensation, employee must prove a change in his physical condition since the last preceding hearing and that this change has lessened his earning ability.

3. Same—Intensification of Previously Existing Ailments.
    Employee's testimony at hearing on petition for further compensation that since last preceding hearing on a like petition he has suffered more pain and his condition has grown worse without evidence showing what the change is and how it has affected and lessened earning ability *held*, an insufficient basis upon which to make an award in his favor, as further compensation may not be awarded for a mere intensification of ailments.

Appeal from Department of Labor and Industry. Submitted April 11, 1935. (Docket No. 120, Calendar No. 38,190.) Decided May 17, 1935.

Bud Rice presented his claim against J. F. Braun & Son, employer, and Builders & Manufacturers Mutual Casualty Company, insurer, for accidental injuries sustained while in defendant's employ. On petition for further compensation. Award to plaintiff. Defendants appeal. Reversed.

*Bisbee, McKone, Wilson, King & Kendall,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendants.

EDWARD M. SHARPE, J.  Plaintiff while in the employ of defendant company as a carpenter on September 4, 1928, suffered a fall resulting in a limited compression fracture of the bodies of the second and third lumbar vertebrae of the spine, a fracture of the metacarpal bone of the left wrist and injury to one of his knees.  Claim was made for compensation and paid at the rate of $18 per week until May 27, 1929, for total disability.  March 31, 1930, plaintiff filed a petition for further compensation and the same was granted and paid from February 1, 1930, to August 4, 1932, at the rate of $18 per week for total disability, at which time defendants filed a petition to stop compensation, the result of which was an order by the department of labor and industry as of November 28, 1932, stopping compensation as of August 4, 1932.

December 21, 1932, plaintiff filed another petition in which he recited the following claim "that since November 5, 1932, my condition has become worse, and I have been disabled from doing any work and I am entitled to further compensation."  April 15, 1933, the department of labor and industry denied the petition.  No appeal was taken by plaintiff.

August 5, 1933, plaintiff filed a petition for further compensation in which he stated "that since February 25, 1933, my condition has become worse. I am unable to do any work of any kind, I am totally disabled, at present time."  The department of labor and industry on October 2, 1934, granted plaintiff compensation at the rate of $9.60 per week since November 22, 1933, from which order defendants appeal.

It is the contention of defendants that plaintiff has failed to show a substantial change for the worse since the hearing of February 24, 1933, and, further, that the award of the deputy commissioner of February 25, 1933, and affirmed on April 15, 1933, adjudicates plaintiff's present claim.

In *Runnels* v. *Allied Engineers, Inc.*, 270 Mich. 153, 158, we said, "to entitle the plaintiff to compensation under the petition last filed by him, it must appear from the evidence submitted that there had been such a change in his physical condition, after the award entered on January 31, 1933, as had lessened his earning ability."

See, also, *Levanen* v. *Seneca Copper Corp.*, 227 Mich. 592; *Stevens* v. *Consumers Power Co.*, 266 Mich. 591; *McKay* v. *Jackson & Tindle, Inc.*, 268 Mich. 452.

In the instant case plaintiff has filed several petitions for further compensation, the one previous to the last one being heard on February 24, 1933. Upon that hearing, plaintiff claimed total disability and an award was denied by the department of labor and industry. The denial of an award for further compensation unappealed from is an adjudication that plaintiff was not incapacitated as of the date of the hearing or if incapacitated that the disability was not the result of the original injury received. The last petition filed by plaintiff was on August 5, 1933, in which he claimed total disability since February 25, 1933. In order that plaintiff may now receive compensation, he must prove a change in his physical condition since the hearing of February 24, 1933, and that this change has lessened his earning ability.

Much medical testimony was produced and that most favorable to plaintiff was that he was disabled from performing the usual work that a carpenter is

called upon to do and that plaintiff was suffering
from pain. This evidence was not helpful to plain-
tiff in that it failed to show a change in his condition
and lessening of his earning power. If in this case
plaintiff is to recover compensation, the basis for it
must be found in his own testimony. A fair state-
ment of his testimony insofar as it pertains to his
condition since February 24, 1933, is that he has
suffered more pain and his condition has grown
worse. We held in *DeBernardi* v. *Oliver Iron Min-
ing Co., ante*, 212, that an *intensification of ailments*
in and of itself is not sufficient to base an award for
further compensation upon. The mere statement
that his *condition has grown worse* is a conclusion
which without evidence of what the change is and
how it affects and lessens his earning ability is in-
sufficient to base an award upon.

The award is vacated, with costs to defendants.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD,
WIEST, BUTZEL, and BUSHNELL, JJ., concurred.