THOMAS *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION — FURTHER COMPENSATION — CHANGE OF PHYSICAL CONDITION.

   At hearing on a petition for further compensation, employee must prove a change in his physical condition since the last preceding hearing and that this change has lessened his earning ability.

2. SAME—FINDING OF DEPARTMENT—EARNING CAPACITY—EPIDIDYMITIS.

   Finding of department of labor and industry on petition for further compensation that wage-earning ability of plaintiff, suffering from epididymitis, had not lessened since previous hearing *held,* sustained by some evidence.

3. Same—Finding of Department Conclusive—Fraud.

    Finding of fact by department of labor and industry, acting within its powers, is conclusive in the absence of fraud (2 Comp. Laws 1929, § 8451).

Appeal from Department of Labor and Industry. Submitted January 16, 1936. (Docket No. 102, Calendar No. 38,732.) Decided March 2, 1936.

Ed Thomas presented his claim against Ford Motor Company for compensation for personal injuries sustained while in defendant's employ. On petition for further compensation. Award to defendant. Plaintiff appeals. Affirmed.

*Gloster, Giller & Briggs,* for plaintiff.

*E. C. Starkey* and *F. A. Nolan,* for defendant.

Bushnell, J.    On March 11, 1929, plaintiff was accidentally injured while in defendant's employ. He was operated upon to relieve the resulting traumatic epididymitis; later he returned to work and continued for a period not disclosed by the record. Five years after the injury, on July 20, 1934, he received an award of $9 per week for partial disability from the date of injury to December 9, 1929, and $40 for medical expenses. January 30, 1935, he filed a petition for further compensation in which he claims that since the former hearing "his condition is worse and on account of same, he is unable to secure employment."

Under authority of 2 Comp. Laws 1929, § 8435, he was sent to a hospital in February, 1935, subjected to a cystoscopic examination causing considerable pain, together with a general weakening of his physical condition, which required him to be confined for a time to his bed. At the hearing, plain-

tiff's doctors testified that his condition was still aggravated; that he was suffering from chronic epididymitis which could only be relieved by an operation for removal of the epididymis. One of the doctors testified that he found a hard nodule in the left epididymis, which plaintiff told him had been there since the original injury. Both physicians were of the opinion that Thomas could only do the kind of light work that was free from heavy lifting and then only if he was able to stand some pain.

Plaintiff testified that he was suffering more pain than formerly and upon cross-examination indicated his ability to work as follows:

"*Q.* Now, let's get this straight: You testified at the last hearing you could do light work, and you say you can do light work now?

"*A.* If I get a light job sitting down.

"*Q.* I know. Just answer my question. You say you can do light work now?

"*A.* I said I would try light work sitting down.

"*Q.* That's what you testified to before, isn't it?

"*A.* I said I would do light work. I would try.

"*Q.* You said you went out to see Mr. Burton to get a light job?

"*A.* I said I went out there and he wouldn't give me a job under no consideration."

Defendant did not offer any testimony and the petition for further compensation was denied.

The opinion of the department on appeal reviewed the testimony and concluded with the finding that plaintiff had not shown such a change in his physical condition that would lessen his earning ability.

"At hearing on a petition for further compensation, employee must prove a change in his physical

condition since the last preceding hearing and that this change has lessened his earning ability." *Rice* v. *J. F. Braun & Son* (syllabus), 271 Mich. 532.

See cases therein cited.

"We do not weigh the evidence. The weighing scale is in other hands and, even if we think it out of balance, we cannot re-weigh." *Hood* v. *Wyandotte Oil & Fat Co.*, 272 Mich. 190.

There is some evidence in the record that plaintiff's wage-earning ability had not lessened since the hearing of July 20, 1934, and the department determined this to be the fact.

"The findings of fact made by said industrial accident board * acting within its powers, shall, in the absence of fraud, be conclusive," etc. 2 Comp. Laws 1929, § 8451.

The award is affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry. 2 Comp. Laws 1929, § 8312.—REPORTER.