CASEY *v.* ESCANABA & LAKE SUPERIOR RAILROAD CO.

WORKMEN'S COMPENSATION—RESUMPTION OF PAYMENTS—CHANGE OF PHYSICAL CONDITION—EVIDENCE.

  Order to resume payments of compensation for disability made after hearing on switchman's third petition for further compensation for leg injuries *held,* proper, where there was evidence showing a change of physical condition for the worse since last previous adjudication.

  WIEST, SHARPE, and CHANDLER, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted January 3, 1939.    (Docket No. 25, Calendar No. 40,259.)    Decided September 6, 1939.    Rehearing denied November 9, 1939.

Arthur J. Casey presented his claim against Escanaba & Lake Superior Railroad Company for compensation for injuries sustained in defendant's employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Award affirmed.

*Ray Derham,* for plaintiff.

*Frost & Deo,* for defendant.

Potter, J. July 17, 1930, both of plaintiff's legs were fractured in an industrial accident arising out of and in the course of his employment. Compensation for total disability was paid to July 23, 1931. On defendant's application, an award was entered stopping plaintiff's compensation as of July 21, 1932. February 15, 1934, plaintiff filed a petition for further compensation which was later denied by the department. October 15, 1937, another petition was filed for further compensation upon the ground plaintiff was totally disabled. There is ample proof to sustain the finding and award of the department. But it is here urged there has been no change in plaintiff's physical condition since the finding and award of 1934.

When the awards of 1932 and 1934 were made by the department, it adjudicated that at that time plaintiff had fully recovered from his injuries. Otherwise, it had no right to stop compensation. The adjudication of the department, not plaintiff's testimony, controls. Plaintiff claimed at the time he filed his last petition he was totally disabled. Testimony was taken before the department of labor and industry and it so adjudicated. This is an adjudication of such a change of physical condition as is contemplated by the statute and fully sustains the award

of the department. Similar questions were involved in *Hood* v. *Wyandotte Oil & Fat Co.*, 272 Mich. 190; *MacDonald* v. *Great Lakes Steel Corp.*, 274 Mich. 701; *Smith* v. *Pontiac Motor Car Co.*, 277 Mich. 652; *Markey* v. *S. S. Peter & Paul's Parish*, 281 Mich. 292; *DeTroyer* v. *Ernst Kern Co.*, 282 Mich. 689.

Award of the department is affirmed, with costs.

BUSHNELL, NORTH, and McALLISTER, JJ., concurred with POTTER, J.

BUTZEL, C. J. I concur because there is testimony that plaintiff's condition has become worse since the former award.

CHANDLER, J. (*dissenting*). Plaintiff, a railroad switchman, suffered an accident on July 17, 1930, resulting in fractures to both legs. By agreement, compensation for total disability was paid to July 23, 1931. Thereafter, defendant filed a petition to stop compensation and, as a result thereof, compensation for total disability was awarded to September 17, 1931, and for partial disability thereafter. On May 4, 1932, defendant again filed a petition to stop compensation and, after hearing, an award was entered stopping compensation as of July 21, 1932.

On February 15, 1934, plaintiff filed a petition for further compensation, and a hearing was had thereon before a deputy commissioner of the department on September 20, 1934, resulting in an award of compensation for partial disability. Upon review by the department, the award was reversed and compensation denied.

On October 15, 1937, he again filed a petition for further compensation in which he represented that his physical condition had grown worse since September 1, 1935. This resulted in an award of compensation for total disability from and after Septem-

ber 1, 1935 until the further order of the department. Defendant now seeks review thereof by this appeal in the nature of certiorari, contending that plaintiff failed to show a change of physical condition for the worse since September 20, 1934, the date of the last hearing, and that, therefore, the department was in error in granting further compensation.

The question necessitates an examination of the evidence to determine if plaintiff has shown a change in physical condition which has lessened his earning capacity since the date of the last hearing. At both hearings, plaintiff's testimony was corroborated by that of Dr. Nelson, and Dr. Walch testified in behalf of defendant.

In 1934, plaintiff testified:

"*Q.* Have you worked as a switchman since July, 1932?

"*A.* No, sir. * * *

"*Q.* What have you been doing since then?

"*A.* Relief. * * *

"*Q.* Are you able to do ordinary common labor?

"*A.* No, sir.

"*Q.* Why can't you?

"*A.* On account of my legs. * * *

"*Q.* Are you able to work as a switchman now?

"*A.* No, sir. * * *

"*Q.* Then it appears from the work you have done that you are not totally disabled at the present time?

"*A.* I am totally disabled for common labor; switching."

On hearing of the instant petition, he stated:

"*Mr. Derham:* We are claiming change since September 1, 1935.

"*Q.* Have you worked as a switchman since September 1, 1935?

"*A.* No.

"*Q.* Have you been able to?
"*A.* No, sir. * * *
"*Q.* What work have you been able to do?
"*A.* I don't know.
"*Q.* Do you know of any work you could do to earn money?
"*A.* No."

In 1934, Dr. Nelson, testifying for plaintiff, said:

"*Q.* Has this man any disability now?
"*A.* Yes, sir.
"*Q.* Where?
"*A.* Disability in the legs.
"*Q.* Is he able to work as a switchman?
"*A.* Not as a switchman."

At the last hearing, he testified as follows:

"*Q.* I believe you testified in 1934 this man could not work as a switchman?
"*A.* I don't remember.
"*Q.* Can he work as a switchman now?
"*A.* No, sir.
"*Q.* What work can he do with his knees in the condition they are in?
"*A.* There is not very much of any work he can do in the field of hard labor.
"*Q.* Why?
"*A.* On account of his knees. He cannot be on his legs very long without causing him pain and he has to sit down."

At the 1934 hearing, defendant's physician, Dr. Walch, testified:

"*Q.* Now, doctor, from your examination of these X-rays taken in May, in your opinion, is there any change in Mr. Casey's condition from what it was in July, 1932?
"*A.* I would say not.
"*Q.* Is there any evidence that you can detect from these X-rays that there is any disability of

Mr. Casey's now existing from the result of that accident?

"*A.* None that I can see by the X-ray.

"*Q.* Now, ordinarily, if he were suffering such pain that he is not able to perform his usual duties as a switchman or at common labor, would there not be some evidence as a result?

"*A.* As a rule there is generally some.

"*Q.* You see nothing here?

"*A.* No, sir.

"*Q.* And you are of the opinion that there is none?

"*A.* Yes, sir.

"*Q.* Have you noticed from your observation of him any evidence of there being any disability now?

"*A.* No."

At the last hearing, Dr. Walch said, after giving in detail the results of his last physical examination of plaintiff:

"*Q.* In your opinion what degree of recovery so far as the fracture is concerned is shown?

"*A.* Full recovery.

"*Q.* In your opinion is there any condition there which might form the basis of any disability now?

"*A.* Not that I could see; no. * * *

"*Q.* What is your opinion from your examination of him other than through the X-ray?

"*Mr. Derham:* Same objection.

"*Deputy Commissioner:* You may answer.

"*A.* I would say he has recovered.

"*Q.* (*By Deputy Commissioner*): Can that man do a good day's work now at common labor?

"*A.* I would say so. * * *

"*Q.* State whether or not in your opinion he is disabled from performing the work of switchman?

"*Mr. Derham:* I object; leading; no proper foundation, and calling for conclusion.

"*Q.* (*By Deputy Commissioner*): You are familiar with the duties of a switchman?

"*A.* Yes.

"*Q.* (*By Deputy Commissioner*): Do you think he could do that work now?

"*A.* Yes."

At the time of the hearing in September, 1934, plaintiff was then doing some work for the emergency relief administration, which continued until August, 1935, at which time the project was discontinued. Since that time he claims to have attempted to do some work for the civilian conservation corps but was unable to continue. The record makes it clear that the work performed for the emergency relief administration was "made" work of a light nature, and that he was paid for performing the duties of "safety man" in lieu of receiving direct welfare relief which he had theretofore received. It does not establish that at that time he had a wage-earning capacity and justify the department's finding based thereon that there has been a change in his physical condition which has lessened his wage-earning capacity.

Comparing the testimony on the point given at the hearing held September 20, 1934, with that submitted at the last hearing, the conclusion is inescapable that there has been no change in plaintiff's physical condition entitling him to a resumption of payments. At both hearings, plaintiff, and the physician testifying in his behalf, maintained that he was totally incapacitated from performing work as a switchman and the fair interpretation of the testimony of both witnesses is that a condition of total disability existed. The testimony offered by defendant at that time, on the contrary, attempted to establish that plaintiff had fully recovered and that no disability existed. The same result was obtained on the hearing of the present petition.

This court does not weigh the evidence in compensation cases, but, on the question of physical condition as presented by the instant case, it would make no difference if one were to reject all of defendant's testimony on the point and adopt that of plaintiff, or reject plaintiff's testimony and adopt that of defendant. On the one hand, we would have a finding of total disability at both hearings, and, on the other hand, a finding of complete recovery. Either version results in the conclusion that there has been no change in plaintiff's physical condition which has lessened his wage-earning capacity since the date of the last hearing. The rule is well established that in the absence of such a change, payments may not be resumed, a recent expression of the rule being found in *Blust* v. *National Brewing Co.*, 285 Mich. 103.

The result is not changed because plaintiff testified at the last hearing that he had grown "worse." This was a conclusion and is insufficient basis for an award. The following testimony, also given by plaintiff, established at the most an intensification of ailments which is likewise insufficient.

"*Q.* What do you mean? You said your legs are getting worse.

"*A.* I have steady pain all the time; if I walk too much on them my right knee locks, or if I carry something heavy. They were both broken, you understand, in the knee joint."

Plaintiff, however, contends that because he was denied compensation following the hearing in September, 1934, the award entered therein amounted to an adjudication that at that date he had recovered and that the department evidently rejected his testimony and claim of total disability at that time. He, therefore, argues that the present finding of a change

of physical condition is supported by the record, and cites *Catino* v. *Morgan & Wright Co.*, 272 Mich. 154; *Pentrack* v. *Motor Products Corp.*, 276 Mich. 357.

Regardless as to when and in what manner the theory of the two cited cases should be applied, they are inapplicable here. The opinion of the department upon review of the award following the 1934 hearing is before us. In reversing the deputy commissioner and denying plaintiff further compensation, it was said:

"Plaintiff has not sustained the burden of proof to establish a change of condition for the worse from June, 1932, to September, 1934; in fact, the weight of the testimony is that there has not been a change for the worse."

The opinion makes no finding as to plaintiff's physical status at that time. It contains no finding of fact that he was either fully recovered, or wholly or partially disabled. Compensation was denied by the department then, as it should have been now, solely because plaintiff had failed to show a change of physical condition since the prior hearing held in 1932.

The award should be vacated, with costs to defendant.

WIEST and SHARPE, JJ., concurred with CHANDLER, J.