GULEC *v.* CHRYSLER CORP.

ON REHEARING.

1. WORKMEN'S COMPENSATION—UNAPPEALED ADJUDICATION—SUBSEQUENT PETITION FOR FURTHER COMPENSATION.

   The unappealed adjudication by department of labor and industry that an employee was not suffering disability on a certain date is conclusively binding on all parties to case on employee's subsequent petition for further compensation.

2. SAME—FINDINGS OF DEPARTMENT—FURTHER COMPENSATION—CHANGE OF CONDITION.

   On appeal from award by department of labor and industry on petition for further compensation, finding of fact by the department that plaintiff was then totally disabled as a result of the accidental injury is binding on Supreme Court and where previous binding adjudication was that employee was not then suffering disability the department must have found at the later date that the employee's condition affecting his earning capacity had changed for the worse.

3. SAME—FURTHER COMPENSATION—TOTAL DISABILITY.

   After an adjudication that an employee was not suffering from disability as a result of accidental injury, the department's subsequent finding on petition for further compensation of total disability required an award of compensation for total disability from beginning of period employee was found to have been totally disabled but not prior to date of previous adjudication.

   SHARPE, CHANDLER, and WIEST, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted October 13, 1939. (Docket No. 50, Calendar No. 40,654.) Decided February 14, 1940. Rehearing denied April 1, 1940; granted June 18, 1940. Submitted on rehearing July 17, 1940. Decided October 7, 1940.

John Gulec presented his claim for compensation against Chrysler Corporation, employer, for injuries

sustained while in defendant's employ. On petition for further compensation. Plaintiff reviews denial of award by appeal in nature of certiorari. Reversed and remanded on rehearing.

*I. W. Ruskin (Joseph Zwerdling, of counsel), for plaintiff.*

*Kerr, Lacey & Scroggie, for defendant.*

ON REHEARING.

WIEST, J. (*dissenting*). On rehearing we find no reason for changing our former opinion. *Gulec* v. *Chrysler Corp., ante,* 159.

The contention that our former opinion conflicts with the opinions in *Casey* v. *Railroad Co.,* 290 Mich. 601, and *Hayward* v. *Kalamazoo Stove Co.,* 290 Mich. 610, is unfounded. In those cases, as well as in the case at bar, we found the awards of the department supported by evidence and, under the well-established rule in such instances, we affirmed the awards.

As said in the *Hayward Case:*

"It is the adjudication of the department, and not plaintiff's testimony, which controls."

The first denial of an award by the department was unappealed and established rights as of that time, and the subsequent denial of an award, now before us, was on the ground that no lessened ability to labor and earn wages was in fact established, and this finding has support in the evidence and we may not hold otherwise under uniform decisions of this court.

Award should be affirmed, with costs to defendant.

SHARPE and CHANDLER, JJ., concurred with WIEST, J.

NORTH, J. Further consideration of this case upon rehearing brings the conviction that our former opinion, *ante,* 159, was erroneous. The details of pertinent facts are accurately stated in that opinion. Our error was in concluding that the present record does not show "a change in condition affecting earning capacity." Instead, both in fact and in law such a change of condition was shown and the department of labor and industry on review specifically found:

"In our opinion the plaintiff is totally disabled as a result of the accidental injury, at least it would be unusual if pain at the region complained of by plaintiff were not disabling."

As appears from the record and our former opinion, after a previous award of compensation had been stopped (June 5, 1935) on petition of defendant, plaintiff made another application for further compensation on December 27, 1935. The deputy commissioner awarded compensation for partial disability; but on review the department reversed the deputy's award and denied compensation on May 19, 1936. Plaintiff's application to this court for leave to appeal was denied.

The department's denial of compensation on May 19, 1936, was the last adjudication of plaintiff's right to compensation preceding his present petition for further compensation which was filed May 23, 1938. As we have plainly pointed out in several recent decisions, the department's denial of compensation on May 19, 1936, must have been on the ground that plaintiff was not then suffering any disability affecting his earning capacity. *Casey* v. *Railroad Co.,* 290 Mich. 601; *Hayward* v. *Kalamazoo Stove Company,* 290 Mich. 610; *Wicko* v. *Ford Motor Co., ante,* 335; *Schinderle* v. *Ford Motor Co.,* 294 Mich. 449; *Zelinckas* v. *Ford Motor Co.,* 294 Mich. 494.

In fairness to the department of labor and industry it should be noted that our decisions above cited were rendered subsequent to the decision of the department on its review of the instant case. The adjudication of the fact that plaintiff was not suffering disability on May 19, 1936, was and is conclusively binding upon all parties to this suit. Two years later plaintiff filed the petition now before the court and on testimony tending to sustain its finding the department concluded, as above noted: "In our opinion the plaintiff is totally disabled as a result of the accidental injury." This finding of fact by the department in the present hearing is binding upon us; and it follows as a matter of fact and of law that at the time the department made the above finding plaintiff's condition affecting his earning capacity had changed for the worse. In view of its finding of fact, the department was in error, as a matter of law, in denying compensation to plaintiff by its order of March 7, 1939. Instead, the department should have made an award to plaintiff of compensation for total disability from the beginning of the period during which the department found he was totally disabled, but not prior to the date of its next preceding award, May 19, 1936.

The award of the department of labor and industry is reversed and the case remanded for the entry of an award in accordance herewith. Plaintiff will have costs of this court.

BUSHNELL, C. J., and BOYLES, McALLISTER, and BUTZEL, JJ., concurred with NORTH, J.