## DODGE *v.* GENERAL MOTORS CORPORATION.

WORKMEN'S COMPENSATION—EXTENSION OF TIME—REHEARING.
Where it is a fair inference that plaintiff at time first application to extend time within which to appeal to compensation commission knew of facts sufficient to support order of the commission but failed to state them and extension of time was ultimately denied, the commission was without authority, on a second application, to grant an extension of time, in effect, to grant a rehearing.

Appeal from Department of Labor and Industry. Submitted April 7, 1948. (Docket No. 23, Calendar No. 43,889.) Decided June 14, 1948.

Harold A. Dodge presented his claim for compensation against General Motors Corporation, Buick Motor Division, employer. Award to defendant. Plaintiff applied for extension of time to appeal which was granted by the commission and reversed by Supreme Court. On second application for extension of time to appeal, leave to appeal was granted by the commission. Defendant appeals. Reversed.

*Warner & Hart,* for plaintiff.

*Henry M. Hogan* (*G. W. Gloster, R. V. Hackett* and *E. H. Reynolds,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES
58 Am. Jur., Workmen's Compensation, §§ 522–540.
Workmen's Compensation: time and jurisdiction for review. 165 A.L.R. 9.

Carr, J. Plaintiff herein, claiming that in the month of September, 1943, he sustained a compensable injury while in the employ of defendant, filed a petition with the department of labor and industry for compensation under the provisions of Act No. 10, Pub. Acts 1912 (1st Ex. Sess.), as amended (2 Comp. Laws 1929, § 8407 *et seq.* [Stat. Ann. § 17.141 *et seq.*]). Defendant filed an answer to the petition, denying that plaintiff was entitled to the relief sought. A hearing was duly held before a deputy of the department, who denied compensation. The deputy's award was filed and copies mailed to the parties on May 21, 1945. On August 13th following, a petition was filed for an extension of time in which to appeal to the compensation commission. This action was taken in accordance with 2 Comp. Laws 1929, § 8447, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8447, Stat. Ann. 1947 Cum. Supp. § 17.182), which provides in part as follows:

"Unless a claim for a review is filed by either party within 10 days, the decision shall stand as the decision of the compensation commission: Provided, That said commission may, for sufficient cause shown, grant further time in which to claim such review."

Plaintiff's petition was granted over the objections of the defendant, a hearing had, the decision of the deputy reversed, and compensation awarded to the plaintiff. From such award defendant, on leave granted, appealed to this Court. The case is reported as *Dodge* v. *General Motors Corp.*, 316 Mich. 425. The award of the compensation commission was reversed and vacated on the ground that the commission had abused its discretion in granting leave for an extension of time in which to appeal on the basis of the showing made by plaintiff in support of his

application.   Summarizing the conclusions reached, it was said:

"Sufficient cause for delayed appeal was not shown.   The appeal was too late.   The commission had no jurisdiction to hear it.   The decision of the deputy commissioner stands as the decision of the commission and remains in force."

The decision of the case was rendered on January 6, 1947.   Subsequent thereto and under date of February 11, 1947, plaintiff filed a second petition to the compensation commission for leave to take a delayed appeal.   The commission entertained such petition, determined that it made a sufficient showing of fact to justify favorable action thereon, and granted the leave sought.   An award in plaintiff's favor followed. Defendant has again appealed, contending that the commission had no authority under the statute to take action on the petition, that the decision of this Court above cited was a final disposition of the matter, and that the commission, if it actually had jurisdiction to consider the petition, abused its discretion in granting the request for an extension of time to appeal.   It is also urged that the proofs taken on the hearing before the deputy failed to substantiate plaintiff's claim that he had suffered a compensable injury in the course of, and arising out of, his employment.

On behalf of plaintiff it is insisted that the holding of this Court that the commission abused its discretion in granting the original application for an extension of time in which to appeal did not preclude plaintiff from making a second application setting forth further and additional facts to those contained in the affidavit on which the application as first filed was based.   It is further contended that the petition and supporting affidavit filed on February 11, 1947, set forth facts sufficient to justify the granting of

the relief sought. It may be said in this regard that the showing as made was analogous to that held sufficient to justify an order for an extension of time in *Hosner* v. *Village of Romeo,* 229 Mich. 654. However, the second application made no showing that the material facts relied on as the basis therefor were unknown to plaintiff at the time the first application was presented. In fact it is a fair inference that because of their nature plaintiff must have known them at the time he made his application in August, 1945. Nevertheless, with full knowledge of the situation, a petition was then presented that, as this Court held in the decision above cited, was insufficient to support the order that the commission undertook to make. It should in fact have been denied by the commission and an order entered affirming the award of the deputy. Had this been done such order would without question have been final, and no rehearing could have been granted. *Fitzpatrick* v. *Olds Division of General Motors Corp.,* 282 Mich. 646. If, as plaintiff in substance contends, the second application should be regarded as having no reference whatever to the first, we think the action of the compensation commission in granting such petition amounted to an abuse of discretion under the circumstances here involved. If a second application is, under such facts, entitled to consideration, obviously the same conclusion might obtain in the event of a third or further application. The provisions of the statute above quoted under which the application was made may not properly be construed as contemplating any such procedure.

We are, however, unable to agree with plaintiff's claim that his second application for an extension of time should be considered wholly without reference to the first application and given in effect the status of a first application. Such contention seems to rest on the theory that the first petition, being insufficient,

should be treated as a nullity. The situation actually presented is that, following the determination of this Court, plaintiff was permitted to renew his application for an extension of time and to present facts in support thereof in addition to the showing made on the submission of the first petition. In effect the compensation commission granted a rehearing on the question whether an extension of time for taking an appeal should be granted, with the privilege of a further showing in support of it. The commission, however, had no authority to grant a rehearing. In *Fitzpatrick* v. *Olds Division of General Motors Corp., supra,* plaintiff, as in the case at bar, filed a petition for an extension of time within which to appeal. An order was entered by the department denying such application. Plaintiff then filed a second application for an extension of time, which was considered sufficient to justify the action sought, whereupon the prior order was vacated, plaintiff was granted 10 days in which to file a claim for review, and the deputy commissioner was directed to take the testimony of two witnesses. On appeal this Court, construing the second application as seeking a rehearing, vacated the order, holding that the commission had no power to grant the relief sought. In the case at bar the facts are somewhat different in that the commission passed favorably on plaintiff's first application, but this Court vacated the subsequent award, holding that the commission was without jurisdiction to make such order, and that the petition should have been denied. See, also, *Guss* v. *Ford Motor Co.,* 275 Mich. 30; *Atherton* v. *Fawcett,* 294 Mich. 436. The practical effect is that this Court made the order on the first application that the commission should have made. Such fact, however, did not authorize the granting of a rehearing.

In view of the conclusion reached on the matter above determined, it is unnecessary to consider the

other questions discussed by counsel in their briefs. An order will enter vacating the award of the compensation commission. As stated in our prior opinion the determination made by the deputy has become the decision of the department. Defendant may have costs.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred. BUTZEL, J., did not sit.