WEBBER *v.* STEIGER LUMBER COMPANY.

1. WORKMEN'S COMPENSATION—RES JUDICATA.

Where workmen's compensation commission first determined on July 15, 1946, that plaintiff's compensation should cease as of March 15, 1946, and on August 15, 1947, determined he was entitled to compensation beginning as of March 15, 1946, and until the further order of the commission, the later award was invalid insofar as it covered the four-month period from March 15 to July 15, 1946, since the previous award was *res judicata* as to such period.

2. SAME—FINDING AS TO PHYSICAL CONDITION—RES JUDICATA.

In proceedings to recover workmen's compensation, an unappealed finding of the workmen's compensation commission as to physical condition, while conclusive on the parties up to the date of award made thereon, is not *res judicata* with regard to subsequent proceedings on further application.

3. SAME—RES JUDICATA—PHYSICAL CONDITION—REVIEW OF PAYMENTS.

Under the workmen's compensation act the doctrine of *res judicata* is limited in its operation when sought to be applied to a man's physical condition as such condition constantly changes and statute provides that weekly payments may be reviewed and ended, diminished, or increased as the facts warrant (2 Comp. Laws 1929, § 8453).

4. SAME—UNAPPEALED ADJUDICATION—SUBSEQUENT PETITION FOR FURTHER COMPENSATION.

The unappealed adjudication by the workmen's compensation commission that an employee was not suffering disability on a certain date is conclusively binding on all parties to case on employee's subsequent petition for further compensation.

REFERENCES FOR POINTS IN HEADNOTES

[1–4, 8] *Res judicata* as regards decisions or awards under workmen's compensation acts.  122 A.L.R. 550.
[9] 14 Am. Jur., Costs, § 97.

5. Same—Second Application—Finding as to Physical Condition —Traumatic Neurosis—Evidence.

On appeal from an award to plaintiff by the workmen's compensation commission on his second petition for compensation, where there is competent testimony that plaintiff's condition, due to traumatic neurosis, has become progressively worse during period subsequent to previous hearing at which it was adjudicated that plaintiff was not then disabled as a result of the injury, the commission's later finding of total disability will not be disturbed (2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943).

6. Same—Finding of Commission—Supreme Court.

The Supreme Court does not weigh the testimony on review of an award of the workmen's compensation commission as credibility and weight of the testimony are for determination of the commission and its determination is binding on the Supreme Court (2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943).

7. Same—Finding of Commission—Traumatic Neurosis—Second Hearing.

Where at first hearing the workmen's compensation commission determined that plaintiff's disability had lessened to the point that compensation payments should cease as of a date four months theretofore, its determination upwards of a year later that plaintiff was totally disabled by reason of traumatic neurosis could not be said to be an intensification of his condition for which he had previously received some compensation.

8. Same—Denial of Award—Appeal—Res Judicata.

The denial of an award unappealed from is an adjudication that plaintiff was not incapacitated as of the date of the hearing, or, if incapacitated, that the disability was not the result of the original injury received.

9. Costs—Workmen's Compensation—Failure of Either Party to Fully Prevail on Appeal.

Where neither party fully prevails on appeal from determination of workmen's compensation commission, no costs are awarded.

Boyles and Dethmers, JJ., dissenting in part.

Appeal from Department of Labor and Industry. Submitted June 17, 1948. (Docket No. 84, Calendar No. 43,890.) Decided November 12, 1948.

Fred Webber presented his claim for further compensation against Steiger Lumber Company, employer, and Hartford Accident & Indemnity Company, insurer, for injuries sustained while in its employ. Award to plaintiff. Defendants appeal. Affirmed.

*Bernard E. Larson,* for plaintiff.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr.,* for defendants.

NORTH, J. This is an appeal from an order of the department of labor and industry awarding further compensation to the plaintiff-appellee, Fred Webber, on a second application for compensation after payments under first award had been stopped.

Fred Webber, the applicant, a common laborer, 46 years of age, was injured on August 8, 1945, while in the employ of the appellant, Steiger Lumber Company. A spring pole struck him on the face and head, breaking his nose and knocking him to the ground. · He was not rendered unconscious. After being given first aid, the appellee went on with his work that afternoon. That evening he went to a doctor, and on the 9th he went to another doctor who operated on his nose and resected a portion of the septum. Appellee was away from work until September 20, 1945, when he returned to work for the lumber company, and he remained in its employ until his discharge on November 1, 1945. Thereafter he worked at Watersmeet for about three weeks when he was forced to quit because of fainting spells which he was having and which had caused him to fall into the river several times during this three weeks' period of his employment.

Appellee was voluntarily paid compensation to September 8, 1945. He filed his first application for

compensation on January 9, 1946, the alleged nature of his disability being "residuals of head injury and traumatic neurosis." The hearing on that petition before the deputy commissioner was held March 15, 1946, and there was an award of $21 per week compensation for total disability from August 9 to September 20, 1945, and from December 8, 1945, to March 15, 1946, and further payments to be made in conformity with the compensation law, with credit allowed for compensation voluntarily paid. On review the commission affirmed the award, except it ordered that the compensation was to cease as of March 15, 1946, for the reason that the commission was of the opinion that appellee was not entitled to get any further payments until and unless he proved his disability by actually trying to keep employed at some kind of work which he was capable of doing. The following appeared in the opinion of the commission:

"We are strongly of the opinion that as of the date of hearing before the deputy commissioner on March 15, 1946, the claimant should have been making an effort to do some work and by this very practical means demonstrate whether he in fact has any disability attributable to his injury."

Webber thereafter went to work for another company, but he held that job for only 8 days when he was forced to quit because of his inability to perform the duties incident to his work. On the 19th of August, 1946, he filed an application for further compensation, which was heard before a deputy commissioner on January 28, 1947, and April 8, 1947. The deputy commissioner found that the total disability of appellee was due to the injury which he had received while in the employ of the defendant lumber company, and that he was and still is totally disabled to perform common labor, and held that compensa-

tion at $21 per week should be paid from March 15, 1946, and until further order of the commission. This award was affirmed by the commission. The employer and its insurer brought this appeal. The issues raised by the appellants are as follows:

"1. Are the issues in this case *res judicata?*

"2. Did the department of labor and industry grant plaintiff a rehearing, which is without its jurisdiction?

"3. Has the department of labor and industry jurisdiction to grant compensation benefits to plaintiff, based upon intensification of ailments precluded by a former order and opinion?

"4. Did plaintiff show a change of condition warranting further compensation benefits and is this question involved in this case?"

Our review of the record brings the conclusion that appellants' claim of *res judicata* is meritorious in part, but only in part. The commissioner's award on plaintiff's first petition was made July 15, 1946. That award adjudicated the issue of fact that plaintiff under the record before the commission was not *then* entitled to compensation, except such as accrued to March 15, 1946. But on plaintiff's second petition heard a year later, which was for further compensation, an award of $21 per week was extended back to March 15, 1946, which was four months prior to the commission's order and adjudication on July 15, 1946. To that extent the commission's second award was a readjudication of the same issue covered by the first award, and was invalid. The foregoing is not controlling of the validity of the second award if limited to the period subsequent to July 15, 1946. During that subsequent period plaintiff's claim for compensation and the award made August 15, 1947, were upon the theory that plaintiff's condition as bearing upon disability was shown to be

worse at the second hearing than it was shown at the first hearing by the testimony which the commission believed.

"In compensation cases an unappealed finding of physical condition, while conclusive on the parties up to the date of such award, is not *res judicata* with regard to subsequent proceedings on a further application." *Murray* v. *Ford Motor Co.*, 296 Mich. 348, 355.

"The doctrine of *res judicata* is limited in its operation when sought to be applied to man's physical condition which constantly changes and under a statute which provides that weekly payments may be reviewed and ended, diminished, or increased as the facts warrant (2 Comp. Laws 1929, § 8453 [Stat. Ann. § 17.188])." *Houg* v. *Ford Motor Co.*, 288 Mich. 478.

Insofar as the award in the instance case antedated the commission's former denial of compensation on July 15, 1946, for the period subsequent to March 15, 1946, it must be vacated because the rights of the parties had been adjudicated to July 15, 1946.

At the 1946 hearing the commission awarded plaintiff compensation for total disability but limited it to the period from: "August 9, 1945 to September 20, 1945 and from December 8, 1945 to March 15, 1946." As before noted, plaintiff's petition is for further compensation. The controlling issue is whether there was testimony at the August 15, 1947, hearing tending to show a change of condition since the earlier hearing, July 15, 1946. In considering this issue we must start with the conclusive presumption or fact that at the time of the earlier hearing plaintiff was not disabled, because that was the adjudication of the commission at that time.

"It is the adjudication of the department, and not plaintiff's testimony, which controls." *Hayward* v. *Kalamazoo Stove Co.*, 290 Mich. 610.

"The unappealed adjudication by department of labor and industry that an employee was not suffering disability on a certain date is conclusively binding on all parties to case on employee's subsequent petition for further compensation." *Gulec* v. *Chrysler Corp.* (on rehearing) (syllabus), 292 Mich. 711.

Then comes the query: Is there any testimony tending to show a changed condition resulting in plaintiff's disability at the later hearing which resulted in an award of compensation? If there is, such award should be sustained. While in the instant case there is some testimony to the contrary, there is testimony in support of plaintiff's contention that his condition has become worse since his earlier hearing. As a witness plaintiff testified as follows:

"*Q.* Since July, 1946, tell the commissioner how you felt? * * * How have you felt since that time?

"*A.* Gradually worse. * * * I can't gain—I can't gain an ounce of weight.

"*Q.* Any other trouble that you have had since July 15, 1946?

"*A.* Yes, my sight has been failing ever since that August 8th. Got to use glasses now to read everything. * * *

"*Q.* You say some of these things are worse since the time of the last hearing?

"*A.* Gradually been getting worse.

"*Q.* Which?

"*A.* My ears and them headaches and that ringing in the ears. Eyes gradually been failing. Getting worse since March 15th."

Doctor Michael A. Gertz, a witness for plaintiff, testified:

"*Q.* Doctor, what, in your opinion, is wrong with this man, Fred Webber? * * *

"*A.* His condition, in my opinion, is a neurosis due to trauma. Traumatic neurosis.  *   *   *

"*Q.* Do you have an opinion as to·whether or not Fred Webber is able to do common labor?  *   *   *

"*A.* He is not able to do common labor.  *   *   * And from my observation objectively he has been getting worse. His depression is more marked. He is more moody. Less responsive to suggestion. Doesn't make as good judgment in his conversation with me, and he definitely is not malingering, in my opinion.  *   *   *

"*Q.* And it is your opinion that he is disabled from doing common labor?

"*A.* Totally disabled from doing common labor, yes."

In its legal aspect the instant case is quite identical with *Gulec* v. *Chrysler Corp., supra,* wherein on a rehearing which resulted in an award of compensation to the employee, it is said in the prevailing opinion:

"The adjudication of the fact that plaintiff was not suffering disability on May 19, 1936, was and is conclusively binding upon all parties to this suit. Two years later plaintiff filed the petition now before the court and on testimony tending to sustain its finding the department concluded, as above noted: 'In our opinion the plaintiff is totally disabled as a result of the accidental injury.' This finding of fact by the department in the present hearing is binding upon us; and it follows as a matter of fact and of law that at the time the department made the above finding plaintiff's condition affecting his earning capacity had changed for the worse."

While it is true that in the instant case a shorter interval of time intervened between the 1946 and the 1947 hearings than in the *Gulec Case,* that circumstance only goes to the weight of the testimony; and on a review of this character we do not weigh the testimony. Credibility and weight of the testimony

are for determination of the commission, and in that respect we are bound by the commission's findings.* *Stewart* v. *Lakey Foundry & Machine Co.,* 311 Mich. 463, 473. In *Ellis* v. *City of Detroit,* 302 Mich. 296, Mr. Justice SHARPE, in writing the prevailing opinion, said on page 301:

"In *Gulec* v. *Chrysler Corp.* (on rehearing), 292 Mich. 711, we held that it was within the power of the department to fix the period of plaintiff's total disability so long as the beginning of that period was subsequent to its former adjudication."

It is not seriously controverted that at the time of the 1947 hearing plaintiff was totally disabled. The commission at the 1947 hearing in its finding of fact said:

"All of the medical witnesses including Dr. Gowan (defendants' witness) were agreed upon one thing at least and that was that the plaintiff was not a malingerer. If the plaintiff is not a malingerer and if his complaints are, therefore, honest, there is little reason to doubt that he has a traumatic neurosis directly attributable to his injury of August 8, 1945 in view of the history of his complaints since that time and the testimony of Dr. Sherman and Dr. Arieff. We find that the proofs now before us clearly indicate that the plaintiff is, and has been totally disabled by a traumatic neurosis which is the direct result of his personal injury of August 8, 1945."

The issue in the instant case is not whether plaintiff was disabled prior to the July 15, 1946, hearing; but instead whether since that date plaintiff's condition resulting from his injury has rendered him totally disabled. The two issues are distinctly different; and in passing upon the latter issue the com-

---

* See 2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8451, Stat. Ann. 1947 Cum. Supp. § 17.186).—REPORTER.

mission rendered an award in accordance with plaintiff's contention. Because of this aspect of the instant case, we are not in accord with appellants' contention that it is a rehearing of the former case.

Appellants further urge that at most the record in the instant case discloses only an intensification of plaintiff's condition as it was prior to the earlier hearing, and that compensation cannot be awarded for such intensification. In this connection appellants cite and rely upon *DeBernardi* v. *Oliver Iron Mining Co.*, 271 Mich. 212, and *Luteran* v. *Ford Motor Co.*, 274 Mich. 687. Decision in each of the cited cases turned upon a controlling phase which is not found in the present case and, hence, they are not controlling herein.

In the *DeBernardi Case* the employee had signed a final settlement receipt which was approved by the commission, and in our opinion it is stated: "The commission held (at the earlier hearing); 'The plaintiff is not shown to be disabled as the result of any accidental injury.' " But at the earlier hearing in the present case it was adjudicated that plaintiff had sustained a compensable injury and he was awarded compensation with payments to terminate March 15, 1946; and the ground upon which payments were stopped as of that date was that at the July, 1946 hearing the commission found:

"In our opinion, any disability that the claimant may have had subsequent to December 8, 1945 attributable to his accident of August 8, 1945 had lessened to the point that compensation payments should cease as of March 15, 1946."

In point of law the conclusion reached in the *DeBernardi Case* was that an injured employee, who had previously signed a settlement receipt which was approved by the commission, could not thereafter obtain compensation for intensification of the

same injuries for which settlement had been made. Obviously such is not the record in the instant case.

As to the *Luteran* decision, *supra,* a reading of the headnote discloses its inapplicability to the instant case.  It reads:

"Unappealed finding of deputy commissioner that subsequent disability as to vision was not caused by accidental injury set forth in petition for compensation *held, res judicata* that yet later loss of industrial vision did not arise out of and in the course of employment, where present condition is a progressive development of previous condition upon which compensation was denied."

In the opinion in the *Luteran Case,* we said:

"Because the award of 1929 (from which no appeal was taken) denied compensation on the finding that the condition of the eye was not caused by the accident, it follows that the progressive development of such condition cannot be attributed to the accident."

But in the instant case Webber, at the 1946 hearing, was not denied compensation.  Instead he was granted compensation which was to terminate March 15, 1946, because the commission found his disability at that time "had lessened to the point that compensation payments should cease as of March 15, 1946."  Further, both at the 1946 hearing and at the 1947 hearing, the finding of the commission, supported by ample testimony, was that Webber's disability, in consequence of which he sought compensation, resulted from the injury he sustained in August, 1945, while in the employ of the defendant lumber company.

We are not disposed to depart from our holding in *Rice* v. *J. F. Braun & Son,* 271 Mich. 532, quoted in appellants' brief on this phase of their appeal, as follows:

"The denial of an award for further compensation unappealed from is an adjudication that plaintiff was not incapacitated *as of the date of the hearing* or if incapacitated that the disability was not the result of the original injury received."

As attempted to be applied to the instant case, there is no merit to appellants' contention that the award of compensation should be reversed on the ground that plaintiff's disabling condition was only an intensification of his earlier disability caused by the accidental injury he sustained in August, 1945.

There is competent testimony in support of the commission's finding hereinbefore quoted; and we, therefore, conclude that the case should be remanded to the commission for modification of its award in accordance herewith, but in other respects the award should be and is affirmed. Since neither of the parties has fully prevailed on this appeal, no costs will be awarded.

Bushnell, C. J., and Sharpe, Reid, Butzel, and Carr, JJ., concurred with North, J.

Dethmers, J. (*dissenting in part*). The question in this case is not whether there is competent evidence to support the commission's findings of fact, but, rather: Do those findings support the award of compensation to plaintiff or did the commission, in effect, grant a rehearing and reverse its previous adjudication?

The commission has no power to grant a rehearing. *Dodge* v. *General Motors Corp.,* 321 Mich. 503; *Fritz* v. *Rudy Furnace Co.,* 218 Mich. 324; *Boyich* v. *J. A. Utley Co.,* 306 Mich. 625; *McLean* v. *Eaton Manufacturing Co.,* 286 Mich. 285; *Fitzpatrick* v. *Olds Division of General Motors Corp.,* 282 Mich. 646; *Baughman* v. *Railroad Co.,* 277 Mich. 70; *Guss·* v. *Ford Motor Co.,* 275 Mich. 30. The commission

may not reverse its former determination. In the absence of fraud or mistake an adjudication by the commission, unappealed from, is final and binding on the parties. *Hughson* v. *City of Kalamazoo,* 271 Mich. 36; *Abraham* v. *City of Highland Park,* 274 Mich. 532; *Nevels* v. *Walbridge Aldinger Co.,* 278 Mich. 214; *Abbott* v. *Saginaw Ice & Coal Co.,* 284 Mich. 462; *Fidelity & Casualty Company of New York* v. *Vantaggi,* 300 Mich. 528.

On plaintiff's first application for compensation the commission in an opinion filed July 15, 1946, said in part:

"The record filed herein does not, in our opinion, warrant the conclusion that any disability plaintiff may have had subsequent to the time he stopped working for Natsche and Scheu on or about December 7, 1945 was due to a traumatic neurosis. The medical testimony presented in support of the plaintiff's claim comes from witnesses who makes no pretense at having in any sense specialized in a highly skilled field of medicine.  *  *  *  Consequently, we believe and find that the deputy commissioner was in error when he incorporated into his award a finding that the plaintiff was in fact suffering from a traumatic neurosis due to his injury of August 8, 1945. The reason for our conclusion is, that we do not think he had the necessary competent testimony to warrant such a conclusion.  *  *  *  In our opinion, any disability that the claimant may have had subsequent to December 8, 1945 attributable to his accident of August 8, 1945 had lessened to the point that compensation payments should cease as of *March 15, 1946.*

"An order will be entered modifying the award and granting compensation for total disability from August 9, to September 20, 1945 and from December 8, 1945 to *March 15, 1946* when the same are stopped for the reasons set forth in this opinion."

One month later plaintiff filed an application which was not an application for further compensation, but a second application for compensation, the same as the first, raising the identical issues and not alleging any change of condition since the former hearing. On review the commission in an opinion filed August 15, 1947, said in part:

"*The plaintiff's complaints* are possibly a little more intensified than they were at the time of the previous hearing but they *are substantially the same complaints that he had at that time.* The principal difference between this record and the previous record is that the plaintiff has made a further unsuccessful attempt to work and that we now have competent and convincing medical testimony of a disabling traumatic neurosis whereas before the medical testimony presented in support of the plaintiff's claim came from witnesses who made no pretense of being skilled in the field of psychiatry or neurology. * * * We find that the proofs now before us clearly indicate that the plaintiff is, and has been totally disabled by a traumatic neurosis which is the direct result of his personal injury of August 8, 1945. * * *

"The award of the deputy commissioner granting compensation to plaintiff from *March 15, 1946* and until the further order of the commission is affirmed."

Thus the commission, on July 15, 1946, found and held that plaintiff was not disabled *on or after March 15, 1946,* and on August 15, 1947, reversed its former adjudication and found and held that plaintiff was disabled as of *March 15, 1946, and thereafter,* at the same time making no finding that plaintiff's condition had changed as to disability after March 15, 1946, but, in fact, finding that his complaints "are substantially the same complaints that he had at that time." The commission found that the "principal" change was in the quality of plaintiff's proofs

at the last hearing concerning the same matters and conditions which plaintiff had attempted to prove at the first. If this was not a rehearing of the same matter and a reversal of the commission's previous determination of the identical question, it is difficult indeed to conceive of an instance thereof. Mr. Justice NORTH recognizes this as relates to the period from March 15, 1946, to July 15, 1946, and writes for reversal of the commission's award as to that time on the theory that the commission had made a binding final determination that plaintiff was not disabled during that period. Having failed to find that plaintiff's physical condition had changed thereafter and having found, on the contrary, that it did not so change, the commission was without power to award compensation to plaintiff for the periods either before or after July 15, 1946. *Rice* v. *J. F. Braun & Son*, 271 Mich. 532; *Burley* v. *Central Paper Co.*, 221 Mich. 595; *Harris* v. *Castile Mining Co.*, 222 Mich. 709; *Nevels* v. *Walbridge Aldinger Co., supra; Thomas* v. *Ford Motor Co.*, 274 Mich. 564.

Plaintiff urges that even though the commission made no finding of change in his physical condition after the first hearing, this Court may make such finding, quoting from *Goines* v. *Kelsey Hayes Wheel Co.*, 294 Mich. 156, 159, as follows:

"It is well settled that if the department fails to make a finding upon a material issue, we may examine the testimony taken at the hearing to determine whether there is any competent evidence to support the award. See *Foley* v. *Detroit United Railway*, 190 Mich. 507; *Harris* v. *Castile Mining Co.*, 222 Mich. 709; *Trice* v. *Orchard Farm Pie Co.*, 281 Mich. 301."

In the instant case, however, the commission did not fail to make a finding on the subject but, on the contrary, made a finding that plaintiff's condition

had not changed,—that his complaints were substantially the same. There being competent evidence to support such finding, we are bound by it. *Stewart* v. *Lakey Foundry & Machine Co.*, 311 Mich. 463. While there is testimony, quoted in Mr. Justice NORTH'S opinion, that plaintiff had been feeling somewhat worse, the undisputed testimony is that his complaints at the first and second hearing were the same, as the commission found, and there is no evidence whatsoever that he had become one whit more disabled after the first hearing, when the commission found he was not disabled at all.

"Whether physical condition of employee had changed since order stopping compensation was made is a question of fact, and finding of change made without evidence in support thereof is reversed.

"Employee, a cam grinder, who received injury to hand, returned to work not requiring use of hand and did not appeal from erroneously entered order stopping compensation, may reopen question of compensation only by a showing of changed physical condition." *Ammond* v. *Muskegon Motor Specialties Co.* (syllabi), 265 Mich. 211.

The commission's finding on July 15, 1946, that plaintiff was not disabled and order stopping compensation as of March 15, 1946, may have been erroneous, but, unappealed from, were binding not only upon the parties but also upon the commission and this Court, and the question of compensation, therefore, could be reopened only upon an application for compensation alleging a change of physical condition and a showing in support thereof. *Ammond* v. *Motor Specialties Co.*, *supra*.

The award should be reversed, with costs to defendants.

BOYLES, J., concurred with DETHMERS, J.