DeBERNARDI v. OLIVER IRON MINING CO.

WORKMEN'S COMPENSATION—DISABILITY DUE TO ACCIDENT—FINDING OF DEPARTMENT—RES JUDICATA.

> Finding of department of labor and industry that no disability due to accidental injury was present, which was not appealed from, precluded subsequent finding of total disability due to same accident on subsequent petition for further compensation where based on intensification of ailments previously existing.

Appeal from Department of Labor and Industry. Submitted January 9, 1935. (Docket No. 31, Calendar No. 38,079.) Decided April 8, 1935. Rehearing denied September 10, 1935.

Louis DeBernardi presented his claim for compensation against the Oliver Iron Mining Company for accidental injuries received while in defendant's employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Reversed and remanded for rehearing.

*Derham & Derham,* for plaintiff.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr. (Elmer F. Blu,* of counsel), for defendant.

WIEST, J. Plaintiff, while working in defendant's mine, in February, 1931, was injured by a chunk of rock falling and striking him, injuring his chest and shoulders and fracturing the internal malleolus of the right tibia.

An agreement for compensation of $18 per week, during total disability, was duly approved. Compensation was paid to April 15, 1931, when plaintiff signed a settlement receipt which, however, upon hearing, was not approved. A second final settlement receipt was signed by plaintiff showing compensation paid to August 31, 1931. Upon defendant's petition to stop payment and plaintiff's petition for further compensation a hearing was had before a deputy commissioner in December, 1931, and the final settlement receipt was approved and further compensation denied. Plaintiff appealed to the full commission and the award of the deputy was affirmed March 22, 1932. No appeal was taken.

November 20, 1933, plaintiff filed another petition for compensation and this, upon hearing, was denied by the deputy commissioner and, upon appeal to the full commission, an award of $18 per week, from and after the 17th day of November, 1933, was made for total disability.

The record, therefore, presents two decisions, upon review, by the commission. The one of March 22, 1932, passed upon plaintiff's claim of total disability as of that time.

Plaintiff then testified that he was unable to work and, when he endeavored to work in his garden, he was unable to do so because of dizzy spells when he bent over; and that he had headaches and pains in his neck and chest.

A doctor, called by plaintiff, testified that plaintiff complained of severe dizziness, headaches and pain in the neck, chest and back and the injuries of February, 1931, could cause such symptoms; that his muscular power was all right and if his equilibrium was all right he could do common labor. We omit reference to the counter evidence.

The commission held:

"The plaintiff is not shown to be disabled as the result of any accidental injury."

As stated before, no appeal was taken and, therefore, that decision became final upon the disabilities then claimed.

The next holding of the commission was on June 19, 1934, and again plaintiff claimed disability by reason of dizziness, headaches and pains in his neck, back and chest, inability to sleep and swelling of his ankle, and impaired vision and hearing. The commission found total disability, and awarded the maximum compensation before mentioned.

The evidence, claimed to connect the impairment of vision and hearing and the swelling of the ankle with the accident, was speculative in nature, but the appeal thereof was addressed to the commission.

The commission, in finding total disability, must have considered that plaintiff's condition had grown

worse since the previous finding of no disability and, insofar as such findings embraced intensification of ailments, precluded by the former adjudication, the commission was in error.

The award is vacated and the case remanded to the commission for a rehearing in accord with this opinion.

Defendant will recover costs.

Potter, C. J., and Nelson Sharpe, North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.