LUTERAN *v.* FORD MOTOR CO.

WORKMEN'S COMPENSATION—EYE INJURY—PROGRESSIVE DEVELOP-
MENT—JUDGMENT—RES JUDICATA.
  Unappealed finding of deputy commissioner that subsequent dis-
  ability as to vision was not caused by accidental injury set
  forth in petition for compensation *held, res judicata* that yet
  later loss of industrial vision did not arise out of and in the
  course of employment, where present condition is a progressive
  development of previous condition upon which compensation
  was denied.

Appeal from Department of Labor and Industry. Submitted January 14, 1936. (Docket No. 65, Calendar No. 38,700.) Decided March 2, 1936.

John Luteran presented his claim for compensation against Ford Motor Company for accidental injuries sustained while in defendant's employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Reversed.

*Sol A. Dann,* for plaintiff.

*E. J. Starkey* and *W. J. Jones,* for defendant.

FEAD, J. In 1929 plaintiff filed application for compensation for permanent loss of the sight of his right eye as a result of hot oil exploded from a drill press. At that time he had some peripheral vision, about 40 per cent. normal. The deputy commissioner made an award finding that plaintiff had suffered an accident which arose out of and in the course of his employment with defendant but that he was not entitled to compensation, his "subse-

quent disability not being caused by accidental injury set forth." There was no appeal from the award.

In 1934 plaintiff filed petition for further compensation for blindness of the right eye. He has detachment of the retina and no industrial vision in the eye. Specific compensation for total loss of vision of the right eye was awarded by the deputy commissioner and affirmed by the department.

The question is whether the award of 1929 is *res judicata* that the present injury did not arise out of and in the course of his employment.

The doctors agree that plaintiff's present condition is a progressive development of the condition of 1929. Because the award of 1929 denied compensation on the finding that the condition of the eye was not caused by the accident, it follows that the progressive development of such condition cannot be attributed to the accident. The present award, therefore, is the result of reversal of the former finding of fact upon a rehearing—procedure which is beyond power of the department. The first award was *res judicata* of liability for the condition of the eye. *DeBernardi* v. *Oliver Iron Mining Co.,* 271 Mich. 212.

Award vacated.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.