HARPER *v.* FORD MOTOR COMPANY.

1. Judgment—Physical Condition—Res Judicata.
    An adjudication of what a man's physical condition is at one time is ordinarily no evidence of what his physical condition may be a year later.

2. Workmen's Compensation—Res Judicata.
    To apply the doctrine of *res judicata* in a workmen's compensation case, it must appear that the previously litigated issues were submitted and decided, not as collateral inquiries, but as crucial questions in the previous controversy.

3. Same—Silicosis—Res Judicata.
    Workmen's compensation commission's determination that plaintiff was not suffering a compensable disability at time of first hearing on claim for compensation was not *res judicata* of subsequent claim for compensation, where it was then found plaintiff was suffering total disability from silicosis the doctrine of *res judicata* not being applicable (CL 1948, § 417.9).

4. Same—Silicosis—Proximate Cause.
    Workmen's compensation is recoverable for silicosis from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted, and it is apportionable to other employers, it not being required that the last employment must cause the disease or aggravate it, as it usually takes a number of years of exposure before the condition develops (CL 1948, § 417.9).

    Dethmers, C. J., and Sharpe and Carr, JJ., dissenting.

Appeal from Workmen's Compensation Appeal Board. Submitted January 9, 1957. (Docket No. 24, Calendar No. 46,909.) Decided July 31, 1957.

References for Points in Headnotes
[1, 3] 58 Am Jur, Workmen's Compensation § 508.
[4] 58 Am Jur, Workmen's Compensation § 342.

John Harper presented his claims against the Ford Motor Company and Detroit Steel Castings Company for workmen's compensation under provisions of occupational disease amendment, a previous application against the former having been denied. Claims consolidated for hearing and appeal. Award to plaintiff against Ford Motor Company, with revised order denying compensation from Detroit Steel Castings Company only because it did not last employ plaintiff. Defendants appeal, the Detroit Steel Castings Company, as a previous employer, seeking to guard against future apportionment of loss. Affirmed.

*Marcus, Kelman, Loria, McCroskey & Finucan* (*Jerome W. Kelman,* of counsel), for plaintiff.

*Harry F. Briggs* (*Henry A. Compeau,* of counsel), for defendants Detroit Steel Castings Company and State Accident Fund, insurer.

SHARPE, J. (*dissenting*). Defendants on leave granted appeal from an award of compensation granted to plaintiff. It appears that plaintiff was in the employ of Detroit Steel Castings Company from 1935 to October 21, 1948, when the company ceased operations. While in their employ plaintiff was exposed to substantial amounts of smoke and dust. Plaintiff worked for the Ford Motor Company from October 28, 1948, to February 3, 1949, when his employment was terminated by a general layoff. While at Ford he worked in a core room cleaning out core boxes with an air hose.

Subsequently plaintiff obtained nonfoundry employment until February 14, 1954. On March 17, 1949, plaintiff filed applications for hearing and adjustment of claim against Detroit Steel Castings Company and Ford Motor Company alleging that

he was suffering from an occupational lung disease. The application against Detroit Steel Castings Company was withdrawn and plaintiff proceeded against Ford Motor Company as the last employer for whom he worked in foundry environment. On May 2, 1950, the deputy commissioner made a finding that plaintiff did not receive a personal injury arising out of his employment at Ford Motor Company. The cause was appealed to the commission and upon review the finding of the deputy was affirmed. On December 14, 1951, plaintiff made new applications for hearing and adjustment of claim against Ford Motor Company and Detroit Steel Castings Company. On May 2, 1952, an award was entered in the Detroit Steel Castings Company case finding that "the motion by defendant to dismiss this case because it is *res judicata* is hereby denied." On the same day an award was entered dismissing the application in the Ford Motor Company case "for the reason that the workmen's compensation commission has determined the issues involved and it is therefore *res judicata*." Plaintiff appealed from the award in the Ford Motor Company case. On May 18, 1953, the commission ordered the consolidation for hearing of plaintiff's claims against Ford Motor Company and Detroit Steel Castings Company. Both cases were set down for a hearing before a deputy commissioner. On July 28, 1954, the deputy commissioner in the Detroit Steel Castings Company case made the following finding of facts:

"The minimal silicosis in plaintiff's lungs, contracted in defendant's employ, has not caused up to the date hereof any compensable disability. Plaintiff's disablement is due to causes unrelated to employment by defendant. Claim is denied. Claim is dismissed as against Michigan Mutual Liability Co., as it was not insurer at time of alleged injury."

On the same day the deputy made a finding of facts in the Ford Motor Company case as follows:

"Claim herein should be denied because plaintiff's proofs are insufficient to warrant a finding that he has a disease or disability caused or aggravated by causes and conditions which are characteristic of and peculiar to the business of employer and which arise out of and in the course of his employment."

On August 3, 1954, plaintiff filed an application for review in both cases in which the claim is made "that the award of the deputy commissioner is contrary both to the facts and to the law."

On April 5, 1956, the commission entered an award in the Detroit Steel Castings case as follows:

"Therefore, it is ordered, that the award of the hearing referee in this cause be and is hereby modified and plaintiff is not entitled to compensation for the reason that defendant employer did not last employ plaintiff in the employment to the nature of which plaintiff's disease was due and caused his disability.

"It is further ordered, that plaintiff's claim against Michigan Mutual Liability Company be and is hereby dismissed."

On the same day the commission entered an award in the Ford Motor Company case reversing the award of the deputy commissioner and granting compensation to plaintiff in certain specified weekly amounts, the aggregate not to exceed the sum of $10,500 to be paid by the Ford Motor Company.

In an opinion the commission made the following finding of facts:

"At the last hearing plaintiff testified that his condition had changed and become worse since the 1950 hearing, that he had more pain and had become more short-winded and that he could not do the work he could do in 1950. * * *

"Our findings include the following: During the period from about 1935 to October 21, 1948 while plaintiff worked for Detroit Steel Castings Company and during the period from October 28, 1948 to February 3, 1949 while plaintiff was employed by Ford Motor Company, plaintiff worked in a dusty atmosphere with substantial silica exposure. He was last subjected to such conditions on February 3, 1949. As the result of such exposure plaintiff contracted silicosis which has totally disabled him from and after December 15, 1951 from performing the work which he was doing on and prior to February 3, 1949. The date of injury is February 3, 1949. Plaintiff's condition and lung pathology has grown progressively worse since the 1950 hearing. Plaintiff must not again be subjected to the exposure which terminated on February 3, 1949. Such further exposure would seriously jeopardize his health and physical condition. The disease and disability is due to causes and conditions which are characteristic of and peculiar to the business of the 2 employers, defendants herein."

Defendants upon leave granted filed a claim of appeal. The Ford Motor Company urges that the appeal board erred as a matter of law in granting a rehearing of the final order of June 28, 1951, and entering a new order of April 5, 1956, inconsistent with and reversing its previous order. It is urged on behalf of plaintiff that the order of June 28, 1951, is not *res judicata* as to plaintiff's physical condition subsequent thereto.

The record shows that on March 17, 1949, plaintiff filed his claim for compensation against Ford Motor Company in which it is alleged:

"1. That this claim relates to a disablement from occupational disease which occurred on or about February 3, 1949.

"2. That the injury or disablement occurred at ————— (City), Wayne (County), Michigan

(State) and in the following manner: Applicant was subjected to harmful dusts and irritants in the course of his work.

"3. Nature of disability: Pneumoconiosis, silicosis and other lung pathology and dust disease and their sequelae."

On May 2, 1950, the deputy commissioner entered an award in the Ford Motor Company case as follows:

"Application for an adjustment of a claim having been scheduled for hearing at Detroit, Michigan, on May 1, 1950, I find as follows:

"1. That the above-named employee did not receive a personal injury O.D.* arising out of and in the course of his employment by the above-named employer on February 3, 1949; therefore claim for compensation should be and the same is hereby denied."

On June 28, 1951, the commission entered an order as follows:

"This cause having been heard by the commission on appeal of the plaintiff from the award of Deputy Commissioner Frank F. Eubank, entered May 2, 1950, denying compensation to the plaintiff for disability; after due consideration of the evidence taken and the arguments and briefs of counsel (the commission having made a finding of facts and law) and it appearing to this commission that the award made, as aforesaid, should be affirmed;

"Therefore, it is ordered that the award of the deputy commissioner be and it is hereby affirmed and that plaintiff shall be denied compensation for the reasons stated."

It also appears that on December 14, 1951, plaintiff made an application for hearing and adjustment of claim against Ford Motor Company in which it is alleged:

* Occupational disease.—REPORTER.

"1. That this claim relates to a personal injury which occurred on or about _____ or to a disablement from occupational disease which occurred on or about July 1, 1951 and December 1, 1951.

"2. That the injury or disablement occurred at Dearborn, Wayne county, Michigan and in the following manner: Applicant was exposed to hazardous dusts while at work.

"3. Nature of disability—Pneumoconiosis and other lung pathology and sequelae thereof."

It should be noted that plaintiff's application for compensation filed March 17, 1949, and his application made December 14, 1951, are substantially identical.

It is well established by previous decisions of this Court that the workmen's compensation appeal board may not grant a rehearing of its final order. There is 1 exception to this general rule. An award of compensation may be modified by a showing of a change in the physical condition that affects the earning power of the employee. See *Klum* v. *Lutes-Sinclair Co.*, 236 Mich 100; *Wicko* v. *Ford Motor Co.*, 292 Mich 335; *Goines* v. *Kelsey Hayes Wheel Co.*, 294 Mich 156.

It should be noted that in the cases above cited an award had been granted and later modified due to a change in the physical condition of plaintiff. In the case at bar plaintiff was denied an award in the first hearing and upon rehearing an award was granted.

In *Luteran* v. *Ford Motor Co.*, 274 Mich 687, plaintiff filed an application for compensation for permanent loss of sight of an eye. At that time he had some peripheral vision, about 40% normal. The deputy commissioner ruled that plaintiff had suffered an accident, but was not entitled to compensation as his subsequent disability was not caused by an accidental injury. Five years later plaintiff filed a petition for compensation for blindness in the

same eye.   Upon appeal we reversed an award for total loss of vision of the eye.   We there said at page 688:

"The doctors agree that plaintiff's present condition is a progressive development of the condition of 1929.   Because the award of 1929 denied compensation on the finding that the condition of the eye was not caused by the accident, it follows that the progressive development of such condition cannot be attributed to the accident.   The present award, therefore, is the result of reversal of the former finding of fact upon a rehearing—procedure which is beyond power of the department.   The first award was *res judicata* of liability for the condition of the eye.   *DeBernardi* v. *Oliver Iron Mining Co.,* 271 Mich 212."

At the hearing held May 1, 1950, plaintiff testified that he worked for Detroit Steel Castings Company approximately 13 years; that he worked for Ford Motor Company from October 28, 1948, to February 3, 1949; that:

"*Q.* What kind of job did they give you?

"*A.* Up in the foundry in the core room, were making cores in boxes, in the core room. * * *

"*Q.* What were you doing there?

"*A.* Blowing the box out with an air hose. * * *

"*The Commissioner:* It isn't coal, it is core?

"*A.* I blowed the box out.

"*Q.* (By Mr. Kelman): With what?

"*A.* With the air hose. * * *

"*Q.* What was in the box that you had to blow out?

"*A.* I blowed that sand out. * * *

"*Q.* Did you wear a mask or another kind of protective equipment?

"*A.* No, I never wear a mask.

"*Q.* Was this a clean job or a dirty job?

"*A.* It was dirty.

"Q. What was dirty about it?

"A. That sand and stuff and get on you and get in the chest, eyes and hair and around my collar, be all full of sand.

"Q. How many hours a day did you do that?

"A. It was greasy, oily, and oil in the sand, all full, greasy.

"Q. How many hours a day did you do that work?

"A. Eight."

Based upon the above testimony the deputy commissioner denied plaintiff an award for compensation on May 2, 1950. Upon appeal to the commission the denial of an award for compensation was affirmed on June 28, 1951. At the hearing held in 1954 plaintiff testified that his physical condition was worse than it was when he left Ford Motor Company in 1949. Other evidence offered by plaintiff was as to his physical condition in 1954.

In the case at bar plaintiff's applications filed in 1949 and 1951 are for all purposes identical; the testimony given by plaintiff on the 1949 application described his working conditions in 1948 and 1949. We are constrained to hold under the authority of *Luteran* v. *Ford Motor Co., supra,* that the commission was in error in granting plaintiff an award for compensation. Such action was in effect a rehearing of the action taken by the commission on plaintiff's first application for compensation.

The award should be vacated, without costs.

DETHMERS, C. J., and CARR, J., concurred with SHARPE, J.

SMITH, J. Here we have a workman suffering from silicosis. He had worked 13 years for defendant Detroit Steel Castings Company, "exposed to substantial amounts of smoke and dust." He had also worked a short time (he was laid off) for de-

fendant Ford Motor Company "in a dusty atmosphere with substantial silica exposure." As a result he is totally disabled and his disability, the workmen's compensation commission tells us, "is due to causes and conditions which are characteristic of and peculiar to the business of the 2 employers, defendants herein." He was awarded compensation by the commission. Mr. Justice SHARPE would reverse. "Such action (granting the award) was in effect," he holds, "a rehearing of the action taken by the commission on plaintiff's first application for compensation."

We will go back, therefore, to the first application for compensation. Prefatory to our consideration thereof we note that the rehearing doctrine is based upon the unquestionably sound premise that controversies must sometimes end. This is as true of workmen's compensation cases as of other types of litigation. But in applying such a doctrine we must bear in mind in compensation cases that we are dealing with the changing physical condition of a human being, not a common-law conveyance. And so it was that we said, many years ago, in *Adams* v. *C. O. Barton Company,* 274 Mich 175, 177, 178, "An adjudication of what a man's physical condition is at one time is ordinarily no evidence of what his physical condition may be a year later."

Appellant insists that there has been "a rehearing of the final order of the commission of June 28, 1951." Has there? We turn to the order. The claims made and the issues presented were as follows:

"He now claims disablement since the date of his layoff on account of silicosis. Deputy Commissioner Frank F. Eubank had presented to him 3 issues, (a) whether the plaintiff has an occupational disease known as silicosis; and (b) whether he is suffering

any disability therefrom; and (c) whether his employment by the defendant was a factor in creating same."

The Commission then found as follows:

"We are persuaded that at the time John Harper entered the defendant's employ in the month of October, 1948, there was present in his lungs a first-degree silicotic condition. Hence, we come to the question as to whether during his employment by the defendant he had further injurious exposure and as a consequence became and has been totally disabled for the work that he was doing at the time of the termination of his employment on February 3, 1949."

Having stated the issues the commission examined the testimony and concluded as follows:

"In our opinion, the record as made, and particularly since the addition of Dr. Birkelo's testimony, leads to but one conclusion, *viz.*, that the silicotic condition existing in the plaintiff's lungs at the time of entering the defendant's employ was not made worse in the course of his period of employment, *at least to the extent that he became disabled thereby on February 3, 1949.* We must, therefore, find that he did not sustain a personal injury within the meaning of part 7 of the workmen's compensation act, as amended, which arose out of and in the course of his employment by the defendant."

We have emphasized the critical words. What the commission has held is merely this, that plaintiff was not then disabled.* It did not hold, nor did it

---

* Plaintiff's position with respect to this holding, as respects disablement, is summarized thus: "We claim the commission's original finding was to the effect that he had silicosis, an occupational disease, on February 3, 1949, but that he suffered no total disability thereby, compensation being payable on silicosis cases only for total disability. He, therefore, was not entitled to compensation benefits. However, it is our claim he has since become totally disabled as a result of the exposures he had, the last one being at Ford Motor, and consequently is entitled to compensation benefits."

purport to hold, that the silicotic condition "existing in the plaintiff's lungs at the time of entering the defendant's (Ford Motor Company's) employ" would at no time in the future cause his complete collapse. This is clear not only from the wording of the finding but was so regarded and interpreted by the commission itself. It held (on May 18, 1953) as follows:

"The commission's prior finding is only an adjudication that the plaintiff, John Harper, was not then totally disabled from silicosis. The commission had no authority to determine in that proceeding that plaintiff would not be disabled from silicosis in the future."   .

But the appellant urges that the plaintiff's ultimate total disability cannot be compensable under the doctrine of the case of *Luteran* v. *Ford Motor Co.,* 274 Mich 687. As appellant puts it, "Where a physical ailment is a progressive development of a condition already held not to have been affected by his employment with the defendant, then the award so holding is *res judicata* of a subsequent award." But the case is not in point, nor is the argument applicable. In that case the original claim had been denied because there was no causal connection between work and injury. *Luteran* simply decided that, this being the case, the progressive development of the injury was likewise uncompensable. But in our case the commission's order of June 28, 1951 (the one appellant insists we are "rehearing"), never reached a determination of causal connection between work and disability (sub-issue [c] quoted above) because it concluded that there was then no compensable disability. The doctrine of *res judicata* is not applicable on these facts. As we said in *Hebert* v. *Ford Motor Co.,* 285 Mich 607, 613:

"Conceding the doctrine of *res judicata* is applicable to claims under the workmen's compensation act, it is well settled that when a claim is sought to be defeated by showing a former adjudication of the questions upon which it depends, 'in such case it must appear that such questions were litigated as a matter of fact; that they were submitted to and decided by the jury or court; and that they were not collateral inquiries, but were crucial questions in the other controversy.' *Bond* v. *Markstrum,* 102 Mich 11."

Compensation, under the statute (CL 1948, § 417.9 [Stat Ann 1950 Rev § 17.228]) is recoverable from the employer who last employed the employee in the employment "to the nature of which" the disease was due and in which it was contracted. See *Alexander* v. *Ford Motor Company,* 329 Mich 535. (It is, of course, under the statute, apportionable to other employers.) The act does not say the last employer must "cause" the disease or "aggravate" it, and we are not persuaded that we should read into the act restrictions so inapplicable to occupational diseases, and particularly to silicosis, which, in the words of Dr. Birkelo, "usually takes a number of year of exposure before the condition develops."

The remaining questions urged are factual in nature, and, upon the record before us, we are bound by the commission's finding thereon. *Lentz* v. *Mumy Well Service,* 340 Mich 1; 5.

Affirmed. Costs to appellee.

EDWARDS, VOELKER, KELLY, and BLACK, JJ., concurred with SMITH, J.