ADAMS *v.* C. O. BARTON CO.

1. WORKMEN'S COMPENSATION—DEPARTMENT OF LABOR AND INDUSTRY —REHEARINGS.
     The department of labor and industry has no power to grant a rehearing.

2. SAME—BASIS OF AWARD OF COMPENSATION.
     The physical condition of an employee as affecting his earning capacity after injury as compared with earning capacity had he suffered no injury is the only legitimate basis of an award of compensation.

3. EVIDENCE—JUDICIAL NOTICE—CHANGE OF PHYSICAL CONDITION.
     Supreme Court takes judicial notice that the physical condition of man constantly changes.

4. WORKMEN'S COMPENSATION—CHANGE OF CONDITION.
     Physical condition of an employee at time of filing first petition to stop compensation and at hearing on which he was found

but partially disabled *held*, not conclusive as to physical condition at time of filing second petition to stop compensation nearly 11 months after filing of first one.

5. SAME—CHANGE OF CONDITION—EVIDENCE—STOPPING COMPENSATION.

An adjudication of what a man's physical condition is at one time is ordinarily no evidence of what his physical condition may be a year later, hence order stopping compensation on second petition therefor is valid if proofs warrant it.

6. SAME—CHANGE OF CONDITION—DISABILITY.

One found to be partially disabled at one time is not precluded from showing he is totally disabled at a subsequent time even though he previously claimed total disability at time department found him but partially disabled.

7. SAME—FINDING OF DEPARTMENT—EARNING CAPACITY.

Finding of department of labor and industry on second petition to stop compensation that, at time of filing petition and hearing thereon, employee was engaged in same kind of work as when injured and earning as high or higher wages than before injury *held*, supported by testimony, hence order stopping compensation was proper.

Appeal from Department of Labor and Industry. Submitted October 10, 1935. (Docket No. 55, Calendar No. 38,514.) Decided January 6, 1936.

Richard Adams presented his claim against the C. O. Barton Company, employer, and the Michigan Mutual Liability Company, insurer, for accidental injury sustained while in defendant's employ. On second petition to stop compensation. Petition granted. Plaintiff appeals. Affirmed.

*Floyd T. Schermerhorn*, for plaintiff.

*L. J. Carey* and *George J. Cooper*, for defendants.

POTTER, J.   June 17, 1931, plaintiff fell 45 feet, injured his back and fractured his ankle. He was paid compensation for total disability for some time but returned to work August 29, 1933, at 45 cents an hour for ordinary work and 60 cents an hour for carpenter

work.  September 5, 1933, a petition was filed by defendants to stop compensation, and an award entered reducing plaintiff's compensation to seven dollars a week.  Plaintiff continued to work, draw pay and receive compensation until July 23, 1934, when defendants filed another petition to stop compensation, alleging plaintiff's disability had ceased.  An award was made stopping compensation, and plaintiff appeals.

Appellant contends that inasmuch as the first petition alleged that, from the information available to defendants, it was their opinion disability had ceased, and the second averred disability had ceased, defendants' second petition ought to have been dismissed because the order entered on the first petition was an adjudication, and the second petition in reality asked for a rehearing on the first petition, the order on which constituted former adjudication.

It is well settled the department of labor and industry has no power to grant a rehearing.  The physical condition of the plaintiff, his earning capacity after injury as compared with his earning capacity had he suffered no injury, is the only legitimate basis of an award of compensation.  The physical condition of a man constantly changes.  Plaintiff's physical condition November 1, 1933, is not conclusive of his physical condition July 23, 1934.  Plaintiff had been originally awarded full compensation.  He was unable to work at all immediately after his injury.  At the hearing November 1, 1933, he was found to be yet partially disabled although he was then working, and his compensation was reduced to seven dollars a week.  July 23, 1934, defendants filed the last petition to stop compensation, averring plaintiff's disability had ceased.  It had a right to do so and, if the proofs warrant it, the order stopping compensation is valid.  An adjudication of what the man's physical

condition is at one time is ordinarily no evidence of what his physical condition may be a year later.

It is claimed that inasmuch as this court has held that one found to be totally disabled could not grow worse, one found to be partially disabled cannot be found at a subsequent time to have grown better. One found to be partially disabled at one time is not precluded from showing he is totally disabled at a subsequent time even though he claimed total disability at the time the department found he was but partially disabled, and this for the reason that man's condition constantly changes.

The basis of a second order made in any case must be a change in plaintiff's physical condition, providing other things are equal. There are other things that might authorize the department of labor and industry in stopping compensation, the basis of which is always the ability of the plaintiff to work and earn wages in the employment in which he was engaged when injured.

The department apparently found, and there was proof to sustain that finding, that plaintiff was, at the time of the filing of the second petition to stop compensation and at the time of the hearing thereon, engaged in the same kind of work as when he was injured and was earning as high or higher wages than before he was hurt; that there was as a matter of fact no diminished capacity to work and no diminution in plaintiff's ability to earn wages in the kind of employment in which he was engaged when injured. The order of the department determined the facts. There was testimony to sustain the order.

Award affirmed.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.