BLUST *v.* NATIONAL BREWING CO.

1. WORKMEN'S COMPENSATION—ORDER INCREASING RATE OF COMPENSATION—EVIDENCE.

On appeal from order increasing compensation payable for injury to right hand of brew master, claimed to be erroneous because no showing was made that plaintiff's physical condition had changed for the worse, record is examined to determine whether any competent evidence was presented to support the award.

2. SAME—DISABILITY—EVIDENCE.

In proceeding to recover further compensation by brew master whose right hand had been injured, evidence of disability since previous unappealed award for 20 per cent. disability *held*, to require finding there has been no change in physical condition.

3. SAME—INCREASE OF COMPENSATION—PREVIOUS AWARD.

Department of labor and industry was without authority to increase compensation on petition for further compensation where evidence required finding there had been no change of physical condition since last previous award for 20 per cent. disability, from which no appeal was taken, even though it be conceded that employee is now totally disabled.

POTTER and MCALLISTER, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted April 13, 1938. (Docket No. 110, Calendar No. 39,917.) Decided June 7, 1938. Rehearing denied October 3, 1938.

Vincent Blust presented his claim for compensation against National Brewing Company, employer, and American Employers Insurance Company, in-

surer, for injuries sustained while in defendant's employ. On petition for further compensation. Award to plaintiff. Defendants appeal. Reversed.

*R. L. Crane,* for plaintiff.

*H. Monroe Stanton,* for defendants.

*Raymond W. Starr,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, on application for rehearing in behalf of Department of Labor and Industry.

Chandler, J. Plaintiff, an assistant brew master receiving a weekly wage of $25, sustained an accidental injury to his right hand on May 15, 1936, while in the employ of defendant National Brewing Company. On August 28, 1936, the department of labor and industry entered an award granting him compensation at the rate of $16.67 per week.

Thereafter defendants filed a petition to stop or reduce compensation and by an award of a deputy commissioner of the department dated January 5, 1937, plaintiff's compensation was reduced to $3.33 per week from and after said date. Plaintiff took no appeal therefrom.

On April 16, 1937, he filed a petition for further compensation, which resulted in an award being entered by the department increasing his rate of compensation to $16.67 per week. Defendants appeal from this award, claiming it to be erroneous for the reason that no showing having been made that plaintiff's physical condition had changed for the worse since the award of January 5, 1937, the department was without authority to increase the rate of compensation. This necessitates an examination of the record to determine whether any competent evidence was presented which might support the award.

The opinion of the department states,

"The adjudication of January 5, 1937, in ordering compensation to be paid to plaintiff for partial disability at the rate of $3.33 per week amounted in fact to a determination that plaintiff had an 80 per cent. capacity to earn wages in the field of common labor. That determination was not appealed from and we are not therefore at liberty to inquire into the accuracy of such finding."

However, the inference drawn by the department does not necessarily follow from the facts upon which it purports to be based. Although the testimony presented upon the hearing of defendant's petition to stop or reduce compensation is not before us, plaintiff's answer to that petition in effect claimed total disability and inability to perform the same or similar work in which he was engaged at the time he sustained his injury. His petition for further compensation likewise claims total disability and the testimony adduced in support thereof established his physical condition at the time of the hearing to be no worse than it was in January, 1937. After testifying that he was unable to perform any work, plaintiff stated:

"*Q.* Well we understand then, Mr. Blust, that you feel better now than you did last January?

"*A.* Yes, I have felt pretty good since last spring.

*   *   *

"*Q.* Can you close the right hand now better than you could last January?

"*A.* It seems that I can, but there is no grip in the hand, no strength there, I cannot do anything with it.

"*Q.* How is your grip; is that about the same as it was last January?

"*A.* The grip is a little better than it was last January, but there is no strength in the arm, I am

unable to lift anything or do any work with the right arm.''

Plaintiff's attending physician testified that plaintiff had not been physically able to perform any work since January, 1937, and that his condition varied from time to time. He then gave the following opinion:

''*Q*. Well, then in your opinion, you would say that the condition of his hand and arm is better than it was last January?

''*A*. I would not say that it is any better.

''*Q*. Would you say that probably it is about the same?

''*A*. Probably about the same, if it is not worse.''

Another physician produced by plaintiff testified,

''*Q*. What I am getting at, Mr. Blust testified here, a little while ago, that his hand and arm is feeling better now than it did last January. Is that what he told you in giving you the history of the case?

''*A*. He told me that he was not in so much distress, so much pain, but otherwise that he was about the same.''

Plaintiff's wife testified:

''*Q*. During the last two or three months, he has been getting stronger has he?

''*A*. He does not seem to suffer as much pain as he did, but his arm does not seem to be of any more use, although he does not suffer the pain that he did, there is no strength in the arm, he has no use of that.

''*Q*. His arm is just about the same as it was?

''*A*. Just about the same in the way of using it, yes, sir.''

The foregoing quoted testimony substantially represents the evidence as to plaintiff's physical condition at the time of the hearing as compared with his

condition in January, 1937. From a review thereof it must be concluded that there has been no change in his condition. It being conceded that he is totally disabled at present, it follows, therefore, that he was so disabled at the time the award of January 5, 1937, was entered.

Upon the showing thus made the department had no authority to increase the weekly payments. *McKay* v. *Jackson & Tindle, Inc.,* 268 Mich. 452. The finding of the department that plaintiff's physical condition has changed for the worse is not supported by any competent evidence. If plaintiff was totally disabled on January 5, 1937, and the deputy commissioner erroneously entered an award based upon partial disability, his remedy was by appeal therefrom, which remedy he failed to pursue.

The award is vacated, with costs to appellants.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, and NORTH, JJ., concurred with CHANDLER, J.

POTTER, J. (*dissenting.*) As I understand the opinion of Mr. Justice CHANDLER, it holds that the finding of the deputy commissioner that plaintiff was but partially disabled, unappealed from, is binding upon plaintiff, though he is now totally disabled and the testimony indicates he was totally disabled when the award of the deputy commissioner of partial disability was made.

If plaintiff is now totally disabled he should be compensated accordingly. He ought not to be deprived of his rights by the failure to litigate further the erroneous holding of the deputy commissioner.

The basis of the holding of the deputy commissioner was the opinions of physicians; and the basis for the holding that plaintiff is bound by the finding

of the deputy commissioner, which was unappealed from, is the doctrine of *res judicata.*

In *United Collieries, Ltd.,* v. *King,* 47 Scot. L. R. 41 (3 B. W. C. C. 546), it was sought to bar reconsideration of the case because the medical referee reported that incapacity had ceased and the workman acquiesced therein for nearly a year. It was said:

"To hold that arbitration proceedings otherwise competent and lawful can be barred by a medical referee's report (which is only a piece of evidence) seems to me to be a proposition which cannot be maintained under this act or otherwise."

In *Radcliffe* v. *Pacific Steam Navigation Co.,* (1910) 1 K. B. 685, (79 L. J. K. B. 429, 102 L. T. 206, 54 S. J. 404, 26 T. L. R. 319, 3 B. W. C. C. 185), a case analogous to the present, where the county court reduced compensation and the plaintiff later applied for review, proposing to charge that his injured finger was in the same condition as when the last award was made and, second, that he was unable to obtain work after repeated attempts to obtain employment, and the employer raised the question of *res judicata,* the court held it had jurisdiction to review payments and restored the compensation of the workman in accordance with the original award. Lord Cozens-Hardy, M. R., said:

"It is not at first obvious that the doctrine of *res judicata* can in any way apply to an award which is expressly made liable to review."

He held that an award based upon medical opinion of a man's physical condition at one time in no way prevented a different award at a subsequent date when experience had proved that the views of the doctors were wrong, citing *Sharman* v. *Holliday &*

*Greenwood, Ltd.,* (1904) 1 K. B. 235 (73 L. J. K. B.
176, 90 L. T. 46, 20 T. L. R. 135).

Lord Fletcher Moulton said:

"The doctrine of *res judicata* does not apply to
a decision as to the amount of weekly payment to the
injured workman when it is made the subject of an
application to review."

He further said:

"It is evident, therefore, that the amount to be
awarded on review is not and cannot be *res judicata,*
since one of the necessary elements that must go to
decide it is not subject to the *res judicata.*   *  *  *
The proposition that it is open to the applicant to
have a review if he puts forward evidence of a par-
ticular kind, but that the matter is *res judicata* if
he does not, is unintelligible to me.  *  *  *  If the deci-
sion on the previous occasion is to be held to con-
stitute a decision binding for all time, although one
of the elements going to that decision is the amount
of wages that the applicant is earning, or able to
earn, at the moment of the inquiry, then no change
in the amount of such wages can get rid of the plea
of *res judicata,* and review would be impossible."

Lord Justice Buckley said:

"It seems to me that by the language of Sched. I.
(16) of the statute this matter is made subject to
review, and that finality is reached only when as in
*Nicholson* v. *Piper,* (1907) A. C. 215 (76 L. J. K. B.
856, 97 L. T. 119, 23 T. L. R. 620, 51 S. J. 569) ; 9 W.
C. C. 123 (96 L. T. 75), an award has been made that
the weekly payments cease altogether on the ground
that incapacity has ceased."

In *Dundee, Perth & London Shipping Co.* v. *Will-
cock,* 9 B. W. C. C. 471, a workman was injured, the
county judge found he was suffering permanent par-

tial disability. The employer applied for a review of payments. Lord Cozens-Hardy, M. R., said:

"The learned judge seems to have thought that, having regard to his earlier award, there was something in the nature of an estoppel, but there can be no estoppel in a matter of this kind, such as there might be in respect, for example, of a finding as to the amount of the workman's wages. The view of a learned judge as to a man's physical condition is a matter of opinion as to which there can be no estoppel."

Lord Justice Pickford agreed and quoted with approval the language of Lord Collins in *Sharman* v. *Holliday & Greenwood, Ltd.,* above cited.

The physical condition of the workman and his capacity or incapacity for work at different periods can never be *res judicata.* 20 Halsbury's Laws of England, p. 231.

"While the incapacity for work resulting from the injury is total, the employer shall pay." 2 Comp. Laws 1929, § 8425 (Stat. Ann. § 17.159).

"While the incapacity for work resulting from the injury is partial, the employer shall pay." 2 Comp. Laws 1929, § 8426 (Stat. Ann. § 17.160).

Even *Estate of Beckwith* v. *Spooner,* 183 Mich. 323 (Ann. Cas. 1916 E, 886), which injected the doctrine of *res judicata* into the workmen's compensation law in this State, excepts from the operation of that rule "the physical condition of the injured employee, which naturally and legally remains open to inquiry."

The findings of fact of the department of labor and industry may be conclusive as of the time the finding was made and as the basis for its award. 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186). But such findings can in no way constitute *res judicata,* binding in the future, for the department may

end, increase or diminish compensation thereafter as it finds the facts to be. 2 Comp. Laws 1929, § 8453 (Stat. Ann. § 17.188).

In this case, the view of the deputy commissioner as to plaintiff's physical condition was a mere matter of opinion which cannot be made the basis of estoppel or of *res judicata.* The award of the department should be based upon the facts as it found them upon the hearing to be.

I think the award should be sustained.

McALLISTER, J., concurred with POTTER, J.