KOSIEL v ARROW LIQUORS CORPORATION

Docket No. 96356. Argued January 12, 1994 (Calendar No. 7). Decided
    August 26, 1994.

Doris Kosiel was found to be totally and permanently disabled as
    a result of an accident at her employment with Arrow Liquors
    Corporation and was awarded worker's compensation. The
    Worker's Compensation Appeal Board affirmed and, in addi-
    tion, included benefits for nursing care to be rendered by her
    husband at the rate of $5 per day from June 27, 1967, until
    "further order of the Department." In 1982, the plaintiff peti-
    tioned for an increase in the rate of compensation for nursing
    care. Following a hearing, a referee ordered compensation for
    eight hours of care a day, seven days a week, at the prevailing
    wage rate of a nurse's aid. Both parties appealed, but subse-
    quently agreed to arbitration. The arbitrator modified the
    award, increasing the number of hours to twelve a day, seven
    days a week, payable retroactively from September 28, 1968, at
    a rate equal to the hourly pay of an entry level nurse's aide.
    The rate was to be determined for each subsequent year. The
    Court of Appeals, SULLIVAN, P.J., and WAHLS and BRENNAN,
    JJ., reversed in an unpublished opinion per curiam, ruling that,
    absent a showing of a change in the plaintiff's physical condi-
    tion since the entry of the 1967 order, modification of the order
    was barred by res judicata (Docket No. 121210). The plaintiff
    appeals.

In an opinion by Justice GRIFFIN, joined by Chief Justice
    CAVANAGH, and Justices LEVIN, BRICKLEY, and MALLETT, the
    Supreme Court held:

The order awarding compensation for nursing care provided
    by the plaintiff's husband until further order of the depart-
    ment was not a final order for purposes of the application of res
    judicata.

1. A party may invoke the doctrine of res judicata only when
    a previous decree is a final decision. The indispensable require-
    ment of finality applies not only to judgments of a court of law,
    but also to orders entered by an administrative tribunal, such
    as a worker's compensation board or magistrate. An award of
    worker's compensation until further order signifies that the
    order is to remain in effect until terminated or changed.

2. While, absent a showing of a change in the claimant's

physical condition, res judicata would preclude a redetermination of the extent of the plaintiff's disability, the temporal limitation placed on the applicability of the amount to be paid for nursing care in this case did not represent a final determination; rather, it contemplated the need to adjust the amount at some point in the future.

3. The determination that the 1967 order lacks finality comports with the mandate of MCL 418.315(1); MSA 17.237(315)(1) that an employer is to bear the cost of reasonable medical services of a qualified employee. Neither the wording of the statute nor the order of the referee is restrictive; neither forecloses a redetermination of the amount of nursing care benefits or conditions modification on specific factors. In accord with the statutory standard, the order provides the necessary flexibility to allow future determination of reasonableness in keeping with the humanitarian objectives underlying the worker's compensation act. An inflexible application of res judicata, by contrast, would contravene the remedial nature of the act and would be contrary to precedent.

4. Necessary adjustment of the compensation in this case is not tied solely to the injured worker's physical condition. Rates of compensation, including the reasonable cost of medical services and nursing care, are subject to fluctuation depending on economic circumstances. The increased time spent by the plaintiff's husband as a caregiver and inflationary factors have rendered the 1967 award unreasonable. Thus, a redetermination of the nursing care benefits to which plaintiff is entitled is justified under the act and is authorized by the terms of the order.

Justice BOYLE, concurring, stated that the employer did not persuade that this is the type of order that should be given res judicata effect.

Reversed and remanded.

Justice RILEY, dissenting, stated that changes of factual circumstance justify the modification of an award only where they actually spring from a change in condition, rather than a change in circumstances, or where the Legislature specifically provides otherwise.

A change in a law that affects the amount of disability benefits payable to a claimant permits the modification of an award despite the mandates of res judicata. Modification of a benefits award for changes in fact may be made only where the change is one of a recipient's condition rather than one of mere circumstance.

In this case, there is no indication that the plaintiff required

any additional services. Modification was inappropriate to the extent that its basis lay with the desires of her husband and not with changes in her condition. The failure to account for possible inflation constitutes a factual error that does not supersede an application of res judicata.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Donald W. Loria*) for the plaintiff.

*LeVasseur, Leslie & Johnson, P.C.* (by *Richard B. Leslie*), for the defendants.

GRIFFIN, J. In this worker's compensation case, plaintiff was found in 1967 to be totally and permanently disabled. Her award included nursing care benefits at the rate of $5 per day until "further order of the Department" for services rendered by her husband. Fourteen years later, plaintiff petitioned for, and was granted, an increase in compensation for such nursing care. We granted leave to consider whether modification of the award is precluded by the doctrine of res judicata. Concluding that res judicata is not a bar in these circumstances, we reverse the decision of the Court of Appeals.

I

This worker's compensation case has its origins in a work-related accident that occurred nearly forty years ago. In 1956, while working as a scrub woman for defendant Arrow Liquors Corporation, plaintiff Doris Kosiel was struck by a truck and received a crushing injury to her lower right extremity. Worker's compensation was paid.

In 1967, following the filing of a petition, a hearing referee ruled that plaintiff was entitled to 215 weeks of compensation for loss of the industrial use of her right leg. The referee also found plaintiff to be incurably insane, that this condition

was related to her injury, and that she was totally and permanently disabled. The referee's award, subsequently affirmed by the Worker's Compensation Appeal Board, included the following paragraph:

It is further ordered that Defendant Arrow Liqueurs [sic] Corporation and Michigan Mutual Liability Company compensate plaintiff's husband, Theodore Kosiel, for nursing care rendered by him at the rate of $5.00 per day from and after June 27, 1967, *until the further order of the Department.* [Emphasis added.]

In 1982, plaintiff petitioned for an increase in the rate of compensation for nursing care.[1] Following a hearing, a referee ordered that plaintiff's husband be compensated for eight hours of care per day, seven days a week, at the prevailing wage rate of a nurse's aide. Both parties appealed to the WCAB, but subsequently agreed to arbitration in lieu thereof as permitted by § 864 of the WDCA.[2] In an opinion dated July 28, 1989, the arbitrator modified the award, increasing the number of hours for which plaintiff's spouse was to be compensated from eight to twelve hours per day, seven days per week. The award was made payable from September 28, 1968, at a rate equal to the hourly pay of an entry level nurse's aide, the rate to be determined by the bureau for each year after September 28, 1968. Plaintiff's claim for interest on unpaid benefits was denied.

On appeal in the Court of Appeals, defendants argued, inter alia, that modification of the 1967 order with respect to the rate of nursing care compensation was barred by the doctrine of res

[1] In *Kushay v Sexton Dairy Co,* 394 Mich 69, 74; 228 NW2d 205 (1975), this Court recognized that a spouse who performs necessary services for an injured employee is entitled to compensation.

[2] MCL 418.864; MSA 17.237(864).

judicata.[3] Plaintiff filed a cross appeal respecting denial of interest. Citing *White v Michigan Consolidated Gas Co,* 352 Mich 201; 89 NW2d 439 (1958), the panel reversed the arbitrator's decision and ruled that, absent a showing of change in plaintiff's physical condition since the 1967 order, modification of the order is barred by res judicata. In view of its disposition on that ground, the panel found it unnecessary to address other issues raised by the parties.[4]

We then granted leave to appeal. 444 Mich 866 (1993).

II

It is well established that res judicata principles have application in the context of worker's compensation proceedings. *Pike v City of Wyoming,* 431 Mich 589; 433 NW2d 768 (1988). See also *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980); *Hlady v Wolverine Bolt Co,* 393 Mich 368, 375; 224 NW2d 856 (1975); *White, supra; Webber v Steiger Lumber Co,* 322 Mich 675, 680; 34 NW2d 516 (1948); *Blust v Nat'l Brewing Co,* 285 Mich 103; 280 NW 126 (1938).

Relying on *White, supra,* defendants have asserted that a prior award of worker's compensation benefits may not be reopened unless a change in the injured employee's physical condition is established. Agreeing with that position, the Court of Appeals explained:

---

[3] In the Court of Appeals defendants also challenged retroactive application of the ordered increase in the compensation rate for nursing care, and further argued that any modification is limited by the one-year-back rule, MCL 418.833(1); MSA 17.237(833)(1), or by the two-year-back rule, MCL 418.381(2); MSA 17.237(381)(2), as amended by 1980 PA 357.

[4] Unpublished per curiam opinion, issued March 31, 1993 (Docket No. 121210).

[T]he arbitrator found that plaintiff's husband's retirement constituted a "change in circumstances" that would support modification of the existing final order. A change in circumstances, however, is not the test, but rather a change in the claimant's condition. There is no evidence on the record that would support a finding that plaintiff's condition has worsened, and the bare fact that plaintiff's husband now has more time available to spend at home does not justify reopening the case and modifying the existing order. [*Kosiel v Arrow Liquors Corp and Michigan Mutual Ins Co,* unpublished per curiam opinion, issued March 31, 1993 (Docket No. 121210), p 2.]

We reverse the decision of the Court of Appeals on a narrow ground that is unrelated to the distinction it draws between a change in "circumstances" and a change in "physical condition." Under the particular circumstances presented in this case, we find that the 1967 order awarding nursing care benefits was not "final" in the sense contemplated for the application of the doctrine of res judicata.[5]

A

A party may invoke the doctrine res judicata only when the previous decree is a *final* decision. *Federated Dep't Stores, Inc v Moitie,* 452 US 394, 398; 101 S Ct 2424; 69 L Ed 2d 103 (1981); see also 1 Restatement Judgments, 2d, § 13, p 132 ("The

---

[5] Because we reverse the Court of Appeals on this narrow ground, we do not address the question whether, and to what extent, a "change in circumstances" is a viable exception to the conclusive effect of a previous compensation award that is in fact a final adjudicative order. See, generally, *Pike, supra* at 600-602; *Riley v Northland Geriatric Center (After Remand),* 431 Mich 632, 640; 433 NW2d 787 (1988) (opinion of GRIFFIN, J.) (recognizing that an employee's future rate of worker's compensation benefits is subject to change, triggered by factors other than the physical condition of the employee).

rules of res judicata are applicable only when a final judgment is rendered"). The indispensable requirement of finality applies not only to judgments of a court of law, but also to orders entered by an administrative tribunal, such as a worker's compensation board or magistrate:

> An adjudicative determination by an administrative tribunal is conclusive under the rules of res judicata only insofar as the proceeding resulting in the determination entailed the essential elements of adjudication, including:
>
> \*   \*   \*
>
> (d) A rule of finality, specifying a point in the proceeding when the presentations are terminated and a final decision is rendered . . . . [2 Restatement Judgments, 2d, § 83(2)(d), pp 266-267.][6]

Turning to the 1967 order at issue in this case, it is important to distinguish between the separate determinations made by the hearing referee. On one hand, the referee issued a final adjudicative determination that plaintiff was totally and permanently disabled as of August 30, 1965, and this determination was affirmed by the WCAB. Clearly, the doctrine of res judicata would preclude a redetermination of the extent of plaintiff's disability absent a showing of change in the claimant's physical condition. *Gose, supra* at 160-161; *Hlady, supra* at 375-376.

However, with regard to the amount to be paid for nursing care, the referee ordered compensation for plaintiff's husband at a rate of $5 per day but, unlike the *final* determination of total and permanent disability, he placed a temporal limitation on the applicability of the amount—"until the further

---

[6] See also *Riley,* n 5 *supra* at 653 (opinion of BOYLE, J.) ("there was no final judgment in *Moore* [*v Detroit Bd of Ed (After Remand),* a companion case to *Riley*] and therefore the doctrine of res judicata is inapplicable").

order of the Department." Obviously, this did not represent a final determination of the value of nursing services for the duration of plaintiff's life; rather, it contemplated the need to adjust the amount at some point in the future in response to such changes as increases or decreases in wage rates or inflation.

To be accorded the conclusive effect of res judicata, "the judgment must ordinarily be a firm and stable one, the 'last word' of the rendering court . . . ." 1 Restatement Judgments, 2d, § 13, comment a, p 132. Clearly, the referee did not intend the award of $5 per day, "until the further order of the Department," to be the "last word" regarding the amount of nursing care to which plaintiff would *ever* be entitled.

Our conclusion that the 1967 order lacked the requisite finality is consistent with, and supported by, the jurisprudence of this state.[7] Indeed, in *White, supra* at 210, a case cited by defendants, this Court said:

> [T]he device employed by the appeal board in ordering payment of compensation *until further order of the board* . . . does not finally determine rights to compensation. [Emphasis added.]

Thus, an award of compensation "until the further order" signifies that the order remains in effect until the award is terminated or changed. *Sanford v Ryerson & Haynes, Inc,* 396 Mich 630, 634; 242 NW2d 393 (1976). While this phrase typically may appear in the context of petitions for redetermination of benefits on the basis of a change in the

---

[7] Although we hold today that the order at issue was not "final" for purposes of res judicata, we do not consider or intimate whether such an order would be final for purposes of appellate review. See *Attorney General ex rel Comm'r of Ins v Lapeer Farmers Mutual Fire Ins Ass'n,* 297 Mich 174; 297 NW 232 (1941). See also MCR 7.203.

worker's physical condition,[8] it strains logic to suggest that the temporary effect of its application is limited to such situations.[9]

B

The determination that the 1967 order of the hearing referee lacks finality also comports with the statutory mandate of the WDCA. MCL 418.315(1); MSA 17.237(315)(1) provides, in part:

The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of employment, *reasonable* medical, surgical, and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, *when they are needed.* [Emphasis added.]

As indicated, the statute requires the employer to bear the cost of *reasonable* medical services, or other attendance or treatment of a qualified employee. The temporal language utilized by the hearing referee to the effect that plaintiff's husband shall be compensated a sum certain "until the further order" dovetails harmoniously with the statutory mandate that plaintiff be provided with "reasonable" medical services "when they are needed."

Indeed, neither the wording of the order nor the statute is restrictive; neither forecloses a redetermination of the amount of nursing care benefits or

[8] See, e.g., *White, supra; Johnson v Northwestern Veneer & Plywood Corp,* 355 Mich 695; 96 NW2d 134 (1959).

[9] Indeed, the Florida Supreme Court considered the effect of identical language in an amended divorce decree and observed: "Clearly, an order that specifically limits the relief granted only *'until the further order'* of the court cannot be said to be res judicata of anything except the right to the relief thereby temporarily granted . . . ." *James v James,* 84 So 2d 914, 915 (Fla, 1956) (emphasis added).

conditions modification on specific factors. The furnished services must be "reasonable" not only in terms of function but also in terms of the compensation paid to the provider of such services. Like the statutory standard, the order provides the necessary flexibility to allow a future determination of "reasonableness" in keeping with the humanitarian objectives that underlie the WDCA.

On the other hand, an inflexible application of res judicata to the order at issue, as requested by defendants, would contravene the remedial nature of the WDCA and would be contrary to previous decisions of this Court.[10] Just as "[a]n adjudication of what the man's physical condition is at one time is ordinarily no evidence of what his physical condition may be a year later," *Adams v C O Barton Co,* 274 Mich 175, 177-178; 264 NW 333 (1936), the need for, and the cost of, nursing care is not static, but is subject to change.

Necessary adjustment of the compensation to be provided for such services is not tied solely to the injured worker's physical condition. Rates of compensation, including the reasonable cost of medical services and nursing care are subject to fluctuation depending on economic circumstances. A magistrate who must rule upon a claim for nursing care benefits cannot always determine in advance with certainty the amount of labor that will be required or the value of services that will have to be performed in the future. For that reason, the hearing referee in the case at bar appropriately

---

[10] As we recognized in *Riley,* n 5 *supra* at 640:

Res judicata is a judicially created doctrine which reflects appropriate concern for the use of judicial resources and the finality of litigation. However, it is not an inflexible doctrine, and its applicability depends in part upon the legal context in which a determination is made.

phrased the 1967 order to allow for future redetermination of the reasonable value of necessary nursing services.

Undeniably, the increased amount of time spent by plaintiff's husband as a caregiver and inflationary factors have rendered the 1967 award unreasonable. Indeed, during the course of oral argument in the present matter, defendants conceded that the 1967 order of $5 per day is unreasonable by present standards.

Further, there is no dispute regarding the necessity of the husband's services. Plaintiff is incurably insane. Her treating physician testified that the services performed by plaintiff's spouse were necessary to a reasonable degree of medical certainty. This was consistent with the testimony of a physician at plaintiff's 1967 hearing that if her husband was ever unable to care for her, she would have to be institutionalized in a mental hospital.

Under these conditions, a redetermination of the nursing care benefits to which plaintiff is entitled is justified under MCL 418.315(1); MSA 17.237(315)(1) and is authorized by the terms of the 1967 order.

III

In conclusion, we hold that the order awarding compensation for nursing care provided by plaintiff's husband in the amount of $5 per day "until the further order of the Department," was not a final order for purposes of the application of res judicata. On that basis, we reverse and remand the case to the Court of Appeals for consideration of other issues raised by the parties but not addressed by that Court.[11]

---

[11] In view of the decision we reach and the ground on which it is

CAVANAGH, C.J., and LEVIN, BRICKLEY, and MALLETT, JJ., concurred with GRIFFIN, J.

BOYLE, J. (*concurring*). I concur with the majority because I have not been persuaded by the employer that this is the type of order that should be given res judicata effect. Compare *Pike v City of Wyoming,* 431 Mich 589, 609-631; 433 NW2d 768 (1988) (opinion of BOYLE J., dissenting).

RILEY, J. (*dissenting*). I respectfully dissent for the reason that I interpret the intent behind the res judicata rule, as it applies to worker's disability benefits awards, to focus on changes in condition rather than changes in circumstance. Changes in circumstance are typically the manifestation of a change in condition, and where that is the case, the modification of an award may be in order. However, we are also faced with a problem concerning the finality of disability awards. To respect the need for finality, and in keeping with precedent concerning the modification of disability awards generally, I would hold that changes of factual circumstance justify the modification of an award only where they actually spring from a change in condition or where the Legislature specifically provides otherwise.

I

A majority of this Court has already held that the change in a law that affects the amount of disability benefits payable to a claimant permits the modification of an award despite the mandates of the res judicata doctrine. See *Pike v City of Wyoming,* 431 Mich 589; 433 NW2d 768 (1988) (a statute providing for a conclusive presumption of

based, we find it unnecessary to address plaintiff's argument that the res judicata issue was waived by defendants.

dependency was stricken as unconstitutional, which required reconsideration of the dependency status of the claimant's spouse);[1] *Riley v Northland Geriatric Center (After Remand),* 431 Mich 632; 433 NW2d 787 (1988) (the res judicata doctrine did not bar the modification of benefits awards on the basis of a change in the interpretation of the law concerning the yearly recalculation of maximum and minimum standardized benefits awards). Writing for the majority in *Riley,*[2] Justice GRIFFIN stated:

> Res judicata is a judicially created doctrine which reflects appropriate concern for the use of judicial resources and the finality of litigation. However, it is not an inflexible doctrine, and its applicability depends in part upon the legal context in which a determination is made.
> In a wide variety of circumstances, an employee's *future* rate of worker's compensation benefits is subject to change. Events in the future may operate to increase or decrease the amount of

---

[1] In his concurring opinion, Justice BRICKLEY would require the application of the res judicata bar to all claims for a change in benefits except those based on circumstances that did not exist at the time of the initial award and only after a proper request and a factual determination of the merits. See *id.* at 607.

Justice BOYLE, dissenting, asserted the necessity of finality in awards of worker's disability benefits. Justice BOYLE stated:

> In Michigan, the scope of the [res judicata] doctrine is well defined. It applies not only to issues of fact and law which were actually litigated and decided, but also to any issue which might have been litigated at that time. *Curry [v Detroit,* 394 Mich 327, 332; 231 NW2d 57 (1975)]; *Gursten v Kenney,* 375 Mich 330; 134 NW2d 764 (1965). See also *Hackley [v Hackley,* 426 Mich 582, 585; 395 NW2d 906 (1986)]. Therefore, if during the adjudication of a dispute a pertinent issue of law or fact is raised and decided, or properly should have been raised, res judicata will bar the relitigation of that issue in a subsequent action. [*Id.* at 612-613.]

[2] Justice BRICKLEY concurred in the result while reasserting the "hybrid" res judicata concept he introduced in his concurrence in *Pike.* See n 1.

benefits to which he is entitled. For example, as a consequence of 1980 PA 357, certain employees injured between September 1, 1965, and December 31, 1979, became entitled after January 1, 1982, to receive a supplemental benefit under § 352 to offset increases in the cost of living. Furthermore, if a disabled worker recovers, or later works at a less lucrative job, the amount of his compensation is subject to adjustment, and res judicata is not a bar. [*Id.* at 640. Emphasis in original.][3]

Justice BOYLE, concurring in part and dissenting in part, made an observation that is highly instructive.

The majority asserts that the basis of its holding regarding the effect of res judicata in these cases is the continuing nature of an award of workers' compensation disability, or wage loss, benefits. The majority contrasts workers' compensation benefits in this regard with tort or contract damages. In my view, however, as proper analysis of the dependency provision in *Pike* [*supra*], illustrates, the continuing nature of these payments is relevant in only a few instances, such as a change of physical condition or specific exceptions in the act. These are well-established exceptions to the general rule of res judicata in workers' compensation proceedings repeatedly recognized in the decisions of this Court. . . . Beyond these carefully crafted exceptions, there is no principled distinction between a final tort or contract judgment and a final decision of the [worker's compensation] bureau—regardless

---

[3] An important aspect to note about this quotation is that the exceptions mentioned include provisions in 1980 PA 357, changes in condition such as recovery from a disability, as well as modifications permitted by MCL 418.301(5); MSA 17.237(301)(5). Examples include the termination of benefits for refusal of the employee to accept a bona fide offer of reasonable employment, and the increase or decrease in the rate of compensation where the employee is engaged in subsequent employment, the incremental change being based on the relation between the wages earned at the new employment and the computed average weekly wage contained in a benefits award.

of how many times this dubious principle may be repeated in dissenting or concurring opinions. . . . Certainly nothing on these facts justifies a departure from the doctrine of res judicata by an ad hoc ruling of this Court. [*Id.* at 653-654. Citations omitted.]

I agree with Justice BOYLE that the res judicata doctrine should not be lightly regarded. Just as the end of factual inquiry is important in the context of contract and tort law, finality of judgments is also an important concern in the context of worker's compensation law. However, I continue to believe that certain changes in the law justify the modification of disability benefits. Therefore, I would not apply the res judicata doctrine to certain changes in the law. First, there may be occasions where the failure to permit modification would have the effect of tolerating the residual effects of an unconstitutional provision. See *Pike, supra.*[4] Second, a *subsequent* change in the law supports the notion that the parties and the courts would have been unable to consider the question for the reason that its underlying basis did not exist when the benefits award was ordered. Thus, modification would not run afoul of the notion that the res judicata bar applies to issues that *could* have been litigated, as well as to those that were actually litigated. See *Gose v Monroe Auto Equipment Co,* 409 Mich 147, 161; 294 NW2d 165 (1980) ("There was also no disagreement [in *Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975)] that the law applied to those facts at such hearing *if unchanged* would also preclude subse-

---

[4] Indeed, *Pike* illustrates the propriety of retroactive application in that the law involved was stricken for unconstitutionality. Failure to recalculate benefits despite the obvious merits of the res judicata doctrine would have had the effect of countenancing residual, discriminatory effects of an unconstitutional law. Stated another way, awards of disability benefits that are based on bad law are bad judgments to the extent of the awards' reliance on bad law.

quent redetermination" [emphasis in original]).[5] Accordingly, I adhere to my belief that changes in a law affecting provisions in the Worker's Disability Compensation Act may sustain the modification of disability awards under appropriate circumstances.

On the other hand, I am persuaded that the reassessment of a benefits award for changes of fact will often run afoul of the res judicata bar without adequate justification. For this reason, I would adopt Justice BOYLE's position in *Riley* regarding the application of the res judicata doctrine to findings of fact, i.e., that the modification of a benefits award for changes in fact may be made only where the change is one of a benefits recipient's *condition* rather than one of mere *circumstance.* See *White v Michigan Consolidated Gas Co,* 352 Mich 201, 210; 89 NW2d 439 (1958) ("A petition to stop, to decrease or to increase compensation is always permissible in order to show circumstances concerning a claimant's physical condition which have changed from the last date of hearing"). Moreover, I conclude that the intent behind the phrase "until 'further order of the Department,' " see majority, p 376, comports with this analysis. It must be remembered that the department[6] had the benefit of decisions such as White when the award in this case was ordered.

II

I am also convinced that the rules governing the

---

[5] See also n 1. In regard to this point, it is not my intention to introduce a foreseeability element into a request for modification of a benefits award based on a change in the law. Where the law changes after an award is ordered, and that benefits award is based in whole or in part on that aspect of the law that has subsequently changed, modification is permitted.

[6] The Worker's Compensation Department was the predecessor of the Worker's Compensation Appeal Board, which in turn was the predecessor of the Worker's Compensation Appellate Commission.

reviewability of worker's compensation decisions lend support to this position. It has long been established that appellate courts may not reverse a worker's compensation decision on a factual basis absent fraud. See Const 1963, art 6, § 28 and MCL 418.861; MSA 17.327(861). In contrast, appellate courts may reverse for the improper use or misapplication of the law. See, e.g., *Eaton v Chrysler Corp (On Remand),* 203 Mich App 477, 487; 513 NW2d 156 (1994). Therefore, the distinction between attempted modifications of disability awards based on changed facts and those based on changed law is an important one for purposes of appellate review. By the same token, I would extend this distinction to requests for modification of disability awards. While rulings on factual matters by the Worker's Compensation Appellate Commission[7] remain inviolate absent fraud, a different situation is presented with respect to questions of law or mixed questions of fact and law.

### III

In the case before us, there is no indication on the record that plaintiff required any additional services. Rather, her husband simply had more time to devote to her, as unnecessary as it may have been, following his retirement. As the Court of Appeals recognized, modification of the benefits award was inappropriate to the extent that its basis lay with the desires of plaintiff's husband and not with changes in her condition. Furthermore, it is inappropriate to validate the notion that plaintiff, defendant, and the bureau were unable to conceive of the concept of inflation at the time the award was made. Thus, the failure to account for possible inflation constitutes a factual

---

[7] See n 6.

error that does not supersede an application of the res judicata doctrine. See n 1 and p 388.

Accordingly, I would affirm that part of the Court of Appeals decision on this point. However, I would remand to the worker's compensation system for consideration of the question whether plaintiff experienced a change in condition that would justify the modification of her award. This issue was not reached for the reason that the question involved was treated as dispositive.