# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN R. FRITZ,

   Plaintiff/Counter-Defendant-
   Appellant,

v

SANDY PINES WILDERNESS TRAILS,

   Defendant/Counter-Plaintiff-
   Appellee.

UNPUBLISHED
December 22, 2016

No. 330049
Allegan Circuit Court
LC No. 15-054994-CZ

Before: BORRELLO, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Plaintiff appeals from the trial court's order granting summary disposition in favor of defendant on plaintiff's claim alleging, among other things, breach of contract. We affirm.

Defendant is a member-owned non-profit corporation that operates a campground and resort in Allegan County. Prior to June 20, 2010, plaintiff had a membership interest in Sandy Pines which allowed her use of Lot N-68. After disputes arose, plaintiff voluntarily transferred her membership to her daughter and son-in-law, Todd and Deborah Bogardus. She also sold her pontoon boat and other personal property to the Bogarduses, retaining a security interest in the boat. Most relevant to this case is the fact that she did not retain a security interest in the transferred membership. This is particularly relevant because the Bogarduses failed to pay their membership dues and defendant ultimately terminated their membership.

This dispute was the subject of previous litigation, which plaintiff lost at trial and on appeal. See *Fritz v Sandy Pines Wilderness Trails*, unpublished opinion per curiam (Docket Nos. 317144 and 317336, issued November 20, 2014). In that opinion, this Court observed that plaintiff had voluntarily transferred her membership to her daughter and son-in-law on June 30, 2010, a fact which was relevant to the Court's decision in the prior case. *Id., slip op* at 2. Additionally, in 2012, a proposed Membership Transfer Application seeking to transfer the membership from the Bogarduses to plaintiff as trustee of the BER Vacation Family Trust was submitted to defendant, but was rejected by defendant's board.

Plaintiff thereafter filed the instant action, alleging various counts. Most relevant to this appeal is that she once again claims a breach of contract by defendant, resulting in the loss of the

return of the membership from the Bogarduses to her, as well as the personal property left on the campsite. With regard to the personal property, defendant has consistently maintained, both in the trial court and in this Court, that they wish the personal property removed and would accommodate plaintiff's arranging for a third-party to come to Sandy Pines and remove the property on plaintiff's behalf.[1] Accordingly, we are left with the issue of plaintiff's claimed equitable lien interest on the membership.

The trial court granted summary disposition in favor of defendant, concluding that the issue of any right of plaintiff to the membership was resolved in the prior litigation:

> The only support and the only issue that the Court sees that goes beyond the trial this Court heard is the issue of a membership transfer—alleged—the membership issue from 2012. The membership transfer agreement. The Plaintiff has been very successful in using every manipulation that she can think of to counteract the Court's decision in the original trial and the Court of Appeals decision that supported the trial Court's determination.

> Unfortunately for the Plaintiff, I don't believe her manipulations have been successful. I don't think there is a significant enough dispute of fact in this case to survive summary disposition. Just saying something without supporting documents that should be available, if in fact there was a perfected lien in some type of membership interest, when in fact it's clear there is a perfected lien in regards to the pontoon boat and the trailer, is telling to the Court and significant to the Court.

> * * *

> There is no dispute of fact that's been presented to this Court in regards to that membership interest, there is nothing that's changed since the trial date in regards to her membership interest. If and in fact the Bogardis's [sic] had not relinquished their rights to that particular property, the Bogardis's may have had some ability to challenge their membership or deal with that, but they defaulted that membership and they—they let that membership go.

> So the Court doesn't believe there is a dispute of fact of any significance. There certainly isn't anything in the documents or pleadings that have been presented to the Court to prove that there is a dispute of fact. The Court of Appeals decision affirming the trial Court's decision that there was—that Ms. Fritz has no interest in lot 68 continues and motion for summary disposition is granted.

---

[1] Given the history between the parties, defendant does not wish for plaintiff herself to come onto the premises and remove the property herself.

MR. BOSCH [plaintiff's counsel]: Your Honor, as a point of clarification—and assuming that the Court is ruling that not only does my client not have a membership interest, she doesn't have a lienholder's interest either.

THE COURT: I have no proof that she has a lienholder's interest other than her own statements.

On appeal, plaintiff points to no evidence that the trial court overlooked in determining that no genuine issue of material fact exists regarding any claimed interest that plaintiff would have in the membership. As both the trial court and defendant point out, this issue was resolved in the prior litigation and there is no basis to revisit it. See *Chestonia Twp v Star Twp*, 266 Mich App 423, 429; 702 NW2d 631 (2005) ("Res judicata bars a subsequent action between the same parties when the facts or evidence essential to the action are identical to those essential to a prior action."). As this Court explained in *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 10; 672 NW2d 351 (2003):

> Res judicata requires that: (1) the prior action was decided on the merits; (2) the decree in the prior action was a final decision; (3) the matter contested in the second case was or could have been resolved in the first; and (4) both actions involved the same parties or their privies. *Baraga County v State Tax Comm*, 466 Mich 264, 269; 645 NW2d 13 (2002); *Kosiel v Arrow Liquors Corp*, 446 Mich 374, 379; 521 NW2d 531 (1994). Michigan law defines res judicata broadly to bar litigation in the second action not only of those claims actually litigated in the first action, but claims arising out of the same transaction which the parties, exercising reasonable diligence, could have litigated but did not. *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999).

All of these requirements have been met in the case at bar.

Similarly, as defendant points out in its brief, plaintiff's claims are also barred by the doctrine of collateral estoppel because the underlying factual issues were resolved in the prior litigation. See *Monat v State Farm Ins Co*, 469 Mich 679, 682-685; 677 NW2d 843 (2004).

Accordingly, the trial court properly granted summary disposition in favor of defendant.

Affirmed. Defendant may tax costs.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Jane E. Markey

-3-